**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONTGOMERY CARL AKERS, )<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>Case No. 04-20089-01-KHV |

**MEMORANDUM AND ORDER**

On June 27, 2006, Montgomery C. Akers filed a civil lawsuit against Eric Melgren, United States Attorney; Kim Martin, Assistant United States Attorney; Jacqueline Rokusek, court-appointed defense counsel; and the undersigned. His complaint under 42 U.S.C. § 1983 alleges that defendants violated his constitutional rights under the First, Second, Fourth, Fifth, Eighth and Fourteenth Amendments. He specifically claims that the undersigned (1) refused to rule on his *pro se* motion to dismiss for lack of jurisdiction; (2) made biased and prejudicial rulings to impede justice; (3) engaged in *ex parte* communication with Martin and past and present defense counsel; (4) denied him access to the courts by proceeding after he filed a notice of appeal (5) denied him the right to view discovery materials; (6) has a conflict of interest because the undersigned is a personal friend of Rokusek; and (7) conspired with Rokusek, Melgren and Martin to "railroad" him to plead guilty. He seeks an injunction against prosecution of this case, No. 04-20089, damages of $5,000,000 per year beginning in 2000, and unspecified punitive damages.

Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which

their partiality might reasonably be questioned. <u>Switzer v. Berry</u>, 198 F.3d 1255, 1257 (10th Cir. 2000); <u>see also</u> Code of Conduct for United States Judges, Canon 3, § C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court. <u>See</u> <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995) ( judge has as strong a duty to sit when there is no legitimate reason to recuse as she does to recuse when law and facts require). The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. <u>United States v. Cooley</u>, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational, or highly tenuous speculation. <u>Hinman</u>, 831 F.2d at 939 (citation omitted).

In <u>United States v. Veatch</u>, 842 F. Supp. 480, 481 (W.D. Okla. 1993), a criminal defendant attempted to force recusal of the judge who presided over the case by including her in "patently frivolous lawsuits" which included allegations that were "materially false and utterly absurd." On appeal, defendant argued that the judge's impartiality was called into question after he filed the civil lawsuit against her for racketeering, obstruction of justice, conspiracy to murder him, kidnaping and extortion, and other criminal conduct. <u>United States v. Sealander</u>, 1996 WL 408368, at *19, 91 F.3d 160 (10th Cir. July 19, 1996). The Tenth Circuit upheld the judge's determination that the allegations in the complaint were unsubstantiated and facially frivolous and that the suit was an attempt to disqualify all federal judges in the Western District of Oklahoma from sitting on his criminal case. <u>Id.</u> The Tenth Circuit thus upheld denial of the motion to recuse. <u>Id.</u>; <u>see also</u> <u>Mehdipour v. Parker</u>, No. CIV-03-534-C, 2005 WL 2666387

(W.D. Okla. June 10, 2005); cf. In re Taylor, 417 F.3d 649, 652-654 (7th Cir. 2005) (federal judge not disqualified to hear federal criminal case against defendant even though same defendant brought frivolous civil suit against same judge eight years earlier; earlier suit was attempt to judge shop in another earlier civil suit).

Even though defendant has not filed a motion to recuse, the Court has a duty do so *sua sponte* when circumstances warrant. See 28 U.S.C. §455(a) ("Any justice, judge, or magistrate judge of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned.") (emphasis added). In this case, however, a reasonable person with access to the relevant facts would not conclude that the impartiality of the undersigned might be questioned. Rather, it appears that defendant is using the lawsuit as a tactic to delay the proceedings. Under Section 455(b)(l), a judge must disqualify if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against Akers. See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from an extrajudicial source). Accordingly, the Court finds that recusal is not necessary and intends to proceed with sentencing on July 18, 2006.

**IT IS SO ORDERED**.

Dated this 13th day of July, 2006 at Kansas City, Kansas.

s/ Kathryn H.Vratil  
KATHRYN H. VRATIL  
United States District Judge
