# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CRIMINAL ACTION** |
| v. | ) |
| | ) **Case No. 04-20089-01-KHV** |
| | ) |
| MONTGOMERY CARL AKERS, | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

On September 21, 2005, defendant entered a plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. <u>See</u> Doc. #120. On November 20, 2006, the Court sentenced defendant to 327 months in prison, five years of supervised release and $42,237.77 in restitution. Doc. #208. On November 22, 2006, defendant filed a notice of appeal. Doc. #209. This matter comes before the Court on defendant's <u>Motion For Recusal</u> (Doc. #231) and <u>Motion To Correct Sentence Under Rule 35(a)</u> (Doc. #230), both filed April 24, 2007, and defendant's <u>Motion for Copies of Documents</u> (Doc. #232) filed April 2, 2007. For reasons set forth below, the Court finds that defendant's motions should be overruled.

## I.    Motion For Recusal

Defendant asserts that the undersigned judge must recuse because of bias against him. In support of his motion, defendant cites several orders in which the Court ruled against defendant. Defendant also makes unsworn allegations that the undersigned has acquiesced in a plot by Assistant United States Attorney Kim Martin, the United States Marshal's Service and others to have defendant murdered in his prison cell. Defendant further alleges that the undersigned is a leader of "the egregious conservative republican coalition network," a secret organization originally formed

in Kansas and Oklahoma.

The Court exercises discretion in deciding whether to recuse.  See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987).  28 U.S.C. §§ 144 and 455 govern motions for recusal.  Section 144 provides as follows:

> [w]henever a party to any proceeding in district court makes and files a timely affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be accompanied by a certificate of counsel of record stating that it is made in good faith.  28 U.S.C. § 144.  Defendant has not filed an affidavit in compliance with Section 144.  Further, defendant's allegation of bias is based primarily on his disagreement with the Court's rulings.  The unsworn allegations in defendant's motion to recuse are insufficient to require recusal under Section 144.  See Glass v. Pfeffer, 849 F.2d 1261, 1267-68 (10th Cir. 1988).

Likewise, defendant has not shown a proper basis for recusal under Section 455(a).  That statute requires a judge to recuse "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a); Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct for United States Judges, Canon 3, § C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.").  The judge's subjective state of mind is irrelevant.  See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  The test is objective: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  Id. (further quotations omitted).  The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court.

See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (judge has as strong a duty to sit when there is no legitimate reason to recuse as she does to recuse when law and facts require).  Plaintiff points to no evidence which suggests that a reasonable person would question the impartiality of the undersigned judge.  Recusal under Section 455(a) is therefore inappropriate.

Under Section 455(b)(l), a judge must disqualify if she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.  The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice.  Cooley, 1 F.3d at 992-93.  Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation.  Here, defendant essentially argues that adverse rulings demonstrate bias.  Adverse rulings, however, are not a sufficient basis for recusal.  See id. at 994.  The undersigned has no personal bias or prejudice against defendant.  See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from an extrajudicial source).

Accordingly, the Court finds that recusal is not necessary and proceeds to consider defendant's remaining motions.

## II.     Motion For Copies Of Documents

To prepare his application for certiorari in case No. 06-CV-3175 – a civil lawsuit against Eric Melgren (United States Attorney), Kim Martin (Assistant United States Attorney), Jacqueline Rokusek (court-appointed defense counsel) and the undersigned – defendant has filed a motion to obtain copies of documents filed in this criminal case.  In the civil case, Akers claimed that defendants violated his constitutional rights under the First, Second, Fourth, Fifth, Eighth and Fourteenth Amendments, and sought relief under 42 U.S.C. § 1983.  The Court granted Akers leave

to proceed *in forma pauperis* in the civil case, and he is therefore entitled to receive copies of the record in that case. He cites no basis, however, for the Court to provide copies of the record in his criminal case for use in a related civil case. As for his appeal in the criminal case, the Tenth Circuit has appointed counsel for Akers on appeal. Counsel is charged with ensuring that the appropriate record is developed on appeal. The Court therefore overrules Aker's motion for copies of documents.

### III.    Rule 35 Motion

At sentencing, the Court found that defendant's total offense level was 28, with a criminal history category VI, resulting in a sentencing range of 140 to 175 months. The Court found that the guidelines range did not reflect the seriousness of the offense or the likelihood that defendant will engage in future crimes. The Court therefore departed upward to a sentence of 327 months.

Defendant filed the instant motion pursuant to Rule 35, Fed. R. Crim. P. Defendant claims that the Court should resentence him because (1) the undersigned is biased against him and (2) the government breached the plea agreement when it asked for a sentence outside the statutory maximum.[1]

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in

---

[1]    Defendant also asserts that the prosecutor "perpetrated a fraud upon the Court," but does not allege specifics other than stating that the government breached the plea agreement. See Motion Pursuant To Federal Rule Of Criminal Procedure 35(a) (Doc. #230) at 6.

prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)-(2); see Blackwell, 81 F.3d at 947-48.  None of these exceptions apply here.

The Director of the Bureau of Prisons has not filed a motion and defendant has not reached 70 years of age.  Further, Rules 35 and Rule 36 of the Federal Rules of Criminal Procedure do not authorize a substantive modification of defendant's sentence at this time.  See Fed. R. Crim. P. 35 (authorizes resentencing (a) to correct illegal sentence on remand from a court of appeals; (b) to reflect defendant's substantial assistance on motion of the government; and (c) to correct arithmetical, technical, or other clear error within seven days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  The case is still on appeal, the government has not made a motion for a reduction of sentence and defendant did not file the Rule 35 motion within seven days of sentencing.  Further, defendant does not allege a clerical-type error.  Finally, defendant does not assert that the sentencing range has been lowered by the Sentencing Commission.

Defendant cites 18 U.S.C. § 3742(f), which grants a district court authority to correct a sentence on remand from a court of appeals.  Section 3742, however, is not an independent jurisdictional basis for the district court to review a final sentence.  See United States v. Leonard, 120 Fed. Appx. 759, 760 (10th Cir. 2005).  Because Congress has not expressly authorized the Court to review defendant's sentence, the Court lacks jurisdiction to do so at this time.

**IT IS THEREFORE ORDERED** that defendant's Motion For Recusal (Doc. #231) and Motion To Correct Sentence Under Rule 35(a) (Doc. #230), both filed April 24, 2007, and defendant's Motion for Copies of Documents (Doc.#232) filed April 2, 2007, be and hereby are

-5-

**OVERRULED**.

  Dated this 19th day of July, 2007 at Kansas City, Kansas.

           <u>s/Kathryn H. Vratil</u>
           KATHRYN H. VRATIL
           United States District Judge