**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On February 7, 2008, the Tenth Circuit Court of Appeals issued a mandate which affirmed defendant's sentence of 327 months in prison. See Order And Judgment (Doc. #246). This matter is before the Court on the Motion By The Defendant Under Federal Rules Of Criminal Procedure Rule 12(b)(3)(B) To Void The Conviction And Sentence In The Above Entitled Matter Due To The Lack Of Subject Matter Jurisdiction By The United States District Court, District Of Kansas; And, Elsewhere "For All Other Purposes" (Doc. #242) filed December 6, 2007 and defendant's Motion For Production Of Orders And For Injunctive Relief Based Upon The Court's Lack Of Jurisdiction Over The Orders Of This Motion (Doc. #247) filed February 13, 2008. For reasons stated below, both motions are overruled.

**I.     Rule 12(b)(3)(B) Motion**

Defendant argues that his conviction is void under Rule 12(b)(3)(B), Fed. R. Crim. P., because the indictment does not properly charge a violation of federal law and the Court lacked subject matter jurisdiction. Rule 12(b)(3)(B), Fed. R. Crim. P., provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the

court's jurisdiction or to state an offense."[1]  After judgment and sentence have been entered, a defendant can no longer invoke Rule 12(b)(3)(B) in the district court.[2]  See United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005); United States v. Stewart, 18 Fed. Appx. 684, 686 (10th Cir. 2001); see also United States v. Preciado-Quinonez, 53 Fed. Appx. 6, 7 (10th Cir. 2002) (after final judgment, pleading challenging adequacy of indictment is properly deemed motion under Section 2255); United States v. Nelson, 177 F. Supp.2d 1181, 1188-89 (D. Kan. 2001) (same), aff'd, 48 Fed. Appx. 308 (10th Cir. 2002).

Because defendant has not addressed the relevant standards under 28 U.S.C. § 2255 and to ensure that defendant is aware of the restrictions on second or successive motions under Section 2255,[3] the Court declines to recharacterize defendant's present pro se filing as a petition under Section 2255.

---

[1] Before the 2002 Amendments to the Federal Rules of Criminal Procedure, current Rule 12(b)(3)(B) was largely encompassed by Rule 12(b)(2), which provided that defenses and objections based on defects in the indictment for lack of jurisdiction or failure to charge an offense shall be noticed "at any time during the pendency of the proceedings."

[2] Defendant could have raised his challenge to the indictment under Rule 12(b) for the first time on appeal, see United States v. Sinks, 473 F.3d 1315, 1321 (10th Cir. 2007), but he apparently did not do so.

[3] A defendant cannot file a second or successive motion under Section 2255 unless a panel of the appropriate court of appeals certifies that it contains –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

## II. Motion For Production Of Orders Regarding Defendant's Mail

Defendant asks for a judge (other than the undersigned judge) to order the disclosure of all orders instructing the Bureau of Prisons, the United States Marshal Service or the Corrections Corporation of America to confiscate his personal and legal mail. For reasons stated in a prior order, recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455 is not appropriate.[4] See Memorandum And Order (Doc. #233) filed July 19, 2007. On the record, the Court has expressed concern about defendant's access to mail and his continued criminal conduct while incarcerated. At sentencing, the Court ultimately incorporated those concerns in its *recommendation* to the Bureau of Prisons about defendant's access to mail. See Judgment In A Criminal Case (Doc. #216) filed December 7, 2006 at 2. The Bureau of Prisons, however, has discretion as to what – if any – mail restrictions should be imposed. Defendant's allegation that the Court has entered "ex-parte and clandestine orders and admonitions" regarding his mail privileges is simply untrue. Motion For Production (Doc. #247) at 10. The Court has entered no order, *ex parte*, clandestine or otherwise, on the subject. The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that the Motion By The Defendant Under Federal Rules Of Criminal Procedure Rule 12(b)(3)(B) To Void The Conviction And Sentence In The Above Entitled Matter Due To The Lack Of Subject Matter Jurisdiction By The United States District Court, District Of Kansas; And, Elsewhere "For All Other Purposes" (Doc. #242) filed December 6, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Production Of Orders And For

---

[4] In particular, plaintiff points to no evidence which suggests that a reasonable person would question the impartiality of the undersigned judge. In addition, the undersigned judge has no personal bias or prejudice against defendant.

<u>Injunctive Relief Based Upon The Court's Lack Of Jurisdiction Over The Orders Of This Motion</u>

(Doc. #247) filed February 13, 2008 be and hereby is **OVERRULED**.

    Dated this 5th day of March, 2008 at Kansas City, Kansas.

                                    <u>s/ Kathryn H. Vratil</u>
                                    KATHRYN H. VRATIL
                                    United States District Judge