IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On January 16, 2008, the Tenth Circuit Court of Appeals issued a mandate which affirmed defendant's sentence of 327 months in prison. See United States v. Akers, 261 Fed. Appx. 110 (10th Cir. Jan. 16, 2008). On March 5, 2008, the Court overruled defendant's motion to void his conviction under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure for lack of subject matter jurisdiction. See United States v. Akers, 2008 WL 631254 (D. Kan. Mar. 5, 2008). Based on the waiver in the plea agreement, the Tenth Circuit Court of Appeals dismissed defendant's appeal of that decision. See United States v. Akers, 281 Fed. Appx. 844, 845 (10th Cir. June 17, 2008). On October 6, 2008, the United States Supreme Court denied defendant's petition for a writ of certiorari. See United States v. Akers, --- U.S. ----, 2008 WL 2958985 (Oct. 6, 2008). This matter is before the Court on Defendant's Motion Pursuant To Federal Rules Of Criminal Procedure Rule 12(e) For Relief From Plea Waiver For Good Cause Shown (Doc. #281) filed November 7, 2008. For reasons stated below, defendant's motion is overruled.

Defendant re-asserts the arguments which he made in his Rule 12(b) motion. In overruling defendant's motion, the Court held that after judgment and sentence have been entered, defendant can no longer invoke Rule 12(b)(3)(B) in the district court. See United States v. Sorensen, 276 Fed.

Appx. 758, 760 (10th Cir. 2008); United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005); United States v. Stewart, 18 Fed. Appx. 684, 686 (10th Cir. 2001); see also United States v. Preciado-Quinonez, 53 Fed. Appx. 6, 7 (10th Cir. 2002) (after final judgment, pleading challenging adequacy of indictment deemed motion under Section 2255); United States v. Nelson, 177 F. Supp.2d 1181, 1188-89 (D. Kan. 2001) (same), aff'd, 48 Fed. Appx. 308 (10th Cir. 2002).[1]

On appeal, the Tenth Circuit Court of Appeals sustained the government's motion to enforce the appeal waiver in the plea agreement and dismissed the appeal. In particular, the Tenth Circuit stated as follows:

> Akers waived his right to appeal "any matter in connection with his prosecution, conviction and sentence," R. Doc. 120-2, at 16 (emphasis added). His Rule 12(b)(3) motion asserted that the government lacked authority to bring an indictment against him and, therefore, that the trial court lacked subject matter jurisdiction to convict and sentence him. On this basis, his motion and appeal seek to void his conviction, which is quite clearly a matter relating to his prosecution and conviction. Thus, his appeal falls squarely within the scope of his waiver. See United States v. Lyons, 510 F.3d 1225, 1233 (10th Cir. 2007) (holding that motion to dismiss indictment is within scope of defendant's appeal waiver of "any matter in connection with his prosecution, conviction and sentence"), cert. denied, --- U.S. ----, 128 S. Ct. 1915, 170 L.Ed.2d 777 (2008). Akers does not assert that his waiver was not knowingly and voluntarily entered or that enforcement of the waiver would be a miscarriage of justice, nor do we see any meritorious basis for such assertions.

Akers, 281 Fed. Appx. 844, 845 (10th Cir. June 17, 2008).

Defendant argues that the Court should relieve him of the waiver under Rule 12(e). That rule provides that a party waives any defense, objection or request under Rule 12(b)(3) if he does not raise it by the pretrial deadline under Rule 12(c), unless for good cause shown, the district court grants relief from the waiver. Fed. R. Crim. P. 12(e). The Court need not address the waiver

---

[1] The Court previously noted that defendant could have raised his challenge to the indictment under Rule 12(b) on appeal, see United States v. Sinks, 473 F.3d 1315, 1321 (10th Cir. 2007), but he did not do so.

provision of Rule 12(e), however, because defendant has not alleged facts sufficient to overcome the waiver of collateral challenges in the plea agreement. See United States v. Lopez-Guzman, 189 Fed. Appx. 732, 734 (10th Cir. 2006) (defendant waived objection by voluntarily entering guilty which included waiver of right to collaterally attack conviction). As explained on direct appeal, the plea agreement bars defendant's challenge to subject matter jurisdiction because subject matter jurisdiction is clearly a matter relating to his prosecution and conviction. See Akers, 281 Fed. Appx. at 845.

Defendant seeks relief from the waiver in the plea agreement, but he does not assert that his waiver was unknowing or involuntary. Liberally construed, his motion alleges that it would be a miscarriage of justice to enforce the waiver because the Court lacked subject matter jurisdiction. Defendant raised this issue on appeal, but the Tenth Circuit found no meritorious basis to conclude that enforcement of the waiver would cause a miscarriage of justice. See id.

Defendant repeatedly states that a challenge to subject matter jurisdiction cannot be waived and may be raised at any time, but he has not alleged a jurisdictional defect. The district court possess subject matter jurisdiction over all offenses against the United States and a defective indictment does not deprive the Court of subject matter jurisdiction. 18 U.S.C. § 3231; United States v. Cotton, 535 U.S. 625, 631 (2002); United States v. Porter, 216 Fed. Appx. 772, 773-74 (10th Cir. 2007); see United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) (defects in indictment not jurisdictional).[2]

---

[2] Defendant notes that he has filed a judicial misconduct complaint against the undersigned judge and the Tenth Circuit panel judges who dismissed his appeal of the ruling on his motion under Rule 12(b). See Defendant's Motion Pursuant To Federal Rules Of Criminal Procedure Rule 12(e) For Relief From Plea Waiver For Good Cause Shown (Doc. #281) at 4 n.2.
(continued...)

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion Pursuant To Federal Rules Of Criminal Procedure Rule 12(e) For Relief From Plea Waiver For Good Cause Shown</u> (Doc. #281) filed November 7, 2008 be and hereby is **OVERRULED**.

Dated this 13th day of November, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[2](...continued)

For reasons stated in a prior order, recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455 is not appropriate.  See <u>Memorandum And Order </u>(Doc. #233) filed July 19, 2007 at 1-3.  In particular, defendant points to no evidence which suggests that a reasonable person would question the impartiality of the undersigned judge.  In addition, the undersigned judge has no personal bias or prejudice against defendant.