IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence of 327 months in prison. See United States v. Akers, 261 Fed. Appx. 110 (10th Cir. Jan. 16, 2008). Defendant has filed numerous motions which challenge various collateral matters related to his criminal case, and at least one of those matters is before the Tenth Circuit Court of Appeals. See 10th Circuit Appeal No. 07-3215, appeal of Order (Doc. #233) filed July 19, 2007. The matter is before this Court on defendant's Motion For Order To Toll The Filing Deadline By The Defendant Pursuant To 28 U.S.C. § 2255 In This Court Until After The Opinion And Order In Case No. 07-3215 (USCA 10) That Is Now Pending Before The Tenth Circuit Court Of Appeals (Doc. #284) filed November 17, 2008. For reasons stated below, the Court denies defendant's motion for lack of jurisdiction.

Defendant asks the Court to toll the deadline to file a motion under 28 U.S.C. § 2255 until the Tenth Circuit has ruled on his appeal of certain collateral matters. In effect, defendant asks the Court to advise him whether his conviction is already "final" for purposes of the one-year period of limitations in 28 U.S.C. § 2255(f)(1). The Tenth Circuit has held that "the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of

limitations has been raised by the respondent or the court *sua sponte*." United States v. Daniels, 191 Fed. Appx. 622, 622 (10th Cir. 2006) (quoting United States v. Verners, 15 Fed. Appx. 657, 660 (10th Cir. 2001)); see United States v. Garner, No. 05-20094-CM, 2008 WL 4657281, at *1 (D. Kan. Oct. 20, 2008); United States v. Bedolla, No. 04-40001-SAC, 2008 WL 2949565, at *2 (D. Kan. July 30, 2008). Because defendant has not yet filed a Section 2255 motion, his request for the Court to determine whether his appeal of certain collateral matters tolls the deadline to file a Section 2255 motion is not ripe. A ruling on defendant's motion at the present time would constitute an advisory opinion. See Verners, 15 Fed. Appx. at 660 (question of equitable tolling not ripe until Section 2255 motion is filed). The Court therefore denies defendant's motion for lack of jurisdiction. See Daniels, 191 Fed. Appx. at 622; Verners, 15 Fed. Appx. at 660; see also United States v. White, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (federal court lacks jurisdiction to consider timeliness of Section 2255 petition until petition is filed); United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000) (same).[1]

To the extent that defendant's motion could be construed as one for an extension of time, the Court has no authority to extend the statutory deadline in 28 U.S.C. § 2255. See Washington v. United States, 221 F.3d 1354, 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000); Leon, 203 F.3d at 163-64; United States v. Miller, No. 06-cr-20080, 2008 WL 4541418, at *1-2 (C.D. Ill. Oct. 9, 2008). Congress has expressly limited the time in which a prisoner can bring a Section 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process. Washington, 2000 WL 985885, at

---

[1] Because defendant's time for filing his Section 2255 motion has not run and he has not shown that he is unable to timely file such a motion, the Court declines to re-characterize defendant's present motion as a Section 2255 motion. See Bedolla, 2008 WL 2949565, at *2.

*1.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Order To Toll The Filing Deadline By The Defendant Pursuant To 28 U.S.C. § 2255 In This Court Until After The Opinion And Order In Case No. 07-3215 (USCA 10) That Is Now Pending Before The Tenth Circuit Court Of Appeals</u> (Doc. #284) filed November 17, 2008 be and hereby is **DENIED**.

Dated this 2nd day of December, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
