## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 04-20089-01-KHV** |
| MONTGOMERY CARL AKERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>MEMORANDUM AMD ORDER</u>

On August 4, 2004, defendant initially appeared before the magistrate.  On September 21, 2005, he entered his plea of guilty to one count of wire fraud.  Between his initial appearance and change of plea, defendant successfully delayed the proceedings by repeatedly asking for and receiving new counsel, demanding to proceed pro se and filing multiple pretrial motions.  Defendant was represented by four extremely well-qualified attorneys during this period.  Defendant finally agreed to plead guilty with his fourth attorney, Jacquelyn E. Rokusek, a former Assistant United States Attorney ("AUSA") in the District of Kansas.  At the plea colloquy and in the plea petition and plea agreement, defendant gave repeated assurances that he understood that he could not appeal or otherwise challenge the prosecution, sentence and conviction in his case.  Less than 30 days after his plea, defendant initiated a barrage of filings which (1) directly challenged the validity of his plea, (2) asserted ineffective assistance of counsel by Ms. Rokusek based on the fact that she was formerly an AUSA in the District of Kansas and (3) asserted a conspiracy between defense counsel, the United States Attorney's Office and the undersigned judge.  On November 2, 2006, the Court thoroughly addressed and rejected defendant's arguments.  See <u>Memorandum And Order</u> (Doc. #201).  Not to be deterred, for the last three years, defendant has repeatedly raised essentially the

same tried and rejected arguments in this Court and in the Tenth Circuit Court of Appeals.[1]  In addition, defendant has filed civil lawsuits against the AUSA, prior counsel, the undersigned judge, at least one other federal judge, the Clerk of the Court and FBI agents in various courts throughout the country.[2]  This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #308) filed April 29, 2009, which again asserts (1) ineffective assistance of counsel by Ms. Rokusek because she did not object to subject matter jurisdiction and because she had an inherent conflict of interest and (2) fraud on the court.  In addition, defendant has filed several other collateral motions.  For reasons stated here and in the lengthy record of this case, the Court overrules all of defendant's motions.

**Analysis**

**I.     Section 2255 Motion (Doc. #308)**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which

---

[1]     On January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence of 327 months in prison.  See United States v. Akers, 261 Fed. Appx. 110 (10th Cir. Jan. 16, 2008).

[2]     See Akers v. Crow et al., No. 09-3064, 2009 WL 2668906 (10th Cir. Aug. 28, 2009) (dismissing suit against district judge and clerk of court); United States v. Akers, 317 Fed. Appx. 798 (10th Cir. Mar. 20, 2009) (affirming various orders on collateral motions); United States v. Akers, 281 Fed. Appx. 844 (10th Cir. June 17, 2008) (appeal of denial of collateral motion within scope of appeal waiver); Akers v. Martin, 227 Fed. Appx. 721 (10th Cir. Mar. 23, 2007) (dismissal of suit against AUSA, defense counsel, FBI agent, undersigned judge, U.S. Attorney); Akers v. Keszei, No. 07-00572-JCM, 2009 WL 1530819 (D. Nev. June 1, 2009) (suit against FBI agent and others); Akers v. Keszei, No. 08-cv-334-JL, 2009 WL 1026449 (D.N.H. Apr. 15, 2009) (recommended dismissal of suit against FBI agents, AUSA, defense counsel and deputy U.S. Marshal); Akers v. Poisson, No. 09-54-P-S, 2009 WL 799474 (D. Me. Mar. 24, 2009) (suit against FBI agent, AUSA, defense counsel).

resulted in a "complete miscarriage of justice." <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974).

Defendant argues that defense counsel was ineffective because (1) she coaxed defendant into pleading guilty to a crime that was legally impossible for him to have committed and (2) she had an inherent conflict of interest. Defendant also argues that his counsel assisted the prosecution in fraudulently altering the final plea agreement. To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984). To meet the first element, <u>i.e.</u> counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." <u>United States v. Walling</u>, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689; <u>see</u> <u>United States v. Rantz</u>, 862 F.2d 808, 810 (10th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372 (1993).

### A.    Ineffective Assistance – Coerced Plea/Failure To Object To Jurisdiction

Defendant argues that defense counsel was ineffective because she coaxed defendant into pleading guilty to a crime that was legally impossible for him to have committed. Defendant maintains that he could not have committed the crime of wire fraud because the Court lacked subject

matter jurisdiction.  Defendant does not specifically explain why the Court lacked subject matter jurisdiction.  Defendant pled guilty to one count of wire fraud which requires the government to establish three elements: (1) a scheme to defraud; (2) an interstate wire communication; and (3) a purpose to use the wire communication to execute the scheme.  United States v. Wittig, — F.3d ----, 2009 WL 2430628, at *3 (10th Cir. Aug. 10, 2009); 18 U.S.C. § 1343.  The plea agreement and plea colloquy establish each of these elements.  In particular, Count 1 specifically alleges that the wire fraud involved a telephone call from defendant at the United States Penitentiary in Leavenworth, Kansas to Anita Jenkins in Leesburg, Virginia for the purpose of executing and attempting to execute the fraudulent scheme.  Defendant admitted this conduct, which is sufficient to establish an interstate wire communication and subject matter jurisdiction in federal court.  See, e.g., United States v. Leahy, 464 F.3d 773, 786 (7th Cir. 2006) (wire fraud requires use of interstate telephone call or electronic communication in furtherance of scheme), cert. denied, 128 S. Ct. 46 (2007); United States v. LeDonne, 21 F.3d 1418, 1421 (7th Cir.) (defendant contacted various companies via telephone or telefax to place purchase orders to help execute fraudulent scheme involving insufficient fund checks), cert. denied, 513 U.S. 1020 (1994).

Defendant has not alleged facts which show that counsel was deficient because she advised defendant to plead guilty without challenging subject matter jurisdiction.  Likewise, defendant has not shown that if counsel had objected to subject matter jurisdiction, the Court would have sustained the objection or that he would not have plead guilty.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (to show prejudice in context of guilty plea, defendant must show reasonable probability that but for counsel's errors he would not have plead guilty).  In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis, 417 U.S. at

346. The Court therefore overrules defendant's ineffective assistance claim based on failure to object to subject matter jurisdiction.

### B.    Ineffective Assistance - Conflict Of Interest

Defendant next claims that counsel was ineffective because she had an "inherent conflict of interest." Defendant's Motion For Evidentiary Hearing On Defendant's Section 2255 Motion (Doc. #314) filed June 11, 2009 at 5. Defendant alleges that the U.S. Attorney's Office covertly hired defense counsel, a former AUSA, to "infiltrate" defendant's case to secure a guilty plea or conviction at trial. Id. The Court previously addressed this argument and ruled that Ms. Rokusek did not have a conflict of interest. See Memorandum And Order (Doc. #201) filed November 2, 2006 at 7. Defendant's present allegations amount to no more than a conspiracy theory based on rank speculation and conjecture. The Court, not the U.S. Attorney's Office, appointed Ms. Rokusek to represent defendant and the mere fact that she was a former AUSA did not bar her representation in this case. Cf. 18 U.S.C. § 207 (former government officer or employee prohibited from acting as attorney only for person in matter in which officer participated personally and substantially while in office). Defendant has not alleged specific facts which show that Ms. Rokusek operated under any conflict of interest or how any alleged conflict affected counsel's performance to his detriment. The Court therefore overrules defendant's ineffective assistance of counsel claim based on counsel's alleged conflict of interest.

### C.    Fraud On The Court

Defendant apparently argues that defense counsel assisted the prosecution in fraudulently altering the final plea agreement. Defendant does not allege how the plea agreement was allegedly altered but the plea colloquy establishes that defendant understood the basic terms of the plea

agreement including the waiver of appeal and collateral challenges and that he knowingly and voluntarily entered the plea.  Defendant's allegation that the final plea agreement was somehow altered is unsupported by the transcript of the change of plea hearing.  In sum, defendant has not alleged specific facts which arise to fraud on the Court.  See Weese v. Schukman, 98 F.3d 542, 552-53 (10th Cir. 1996) (generally, only most egregious misconduct such as bribery of judge or jurors, or fabrication of evidence by party in which attorney is implicated will constitute fraud on court; less egregious misconduct such as nondisclosure of allegedly relevant facts ordinarily will not rise to level of fraud on court).

### D.       Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing or response by the government is required.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).  The Court therefore overrules defendant's motion for an evidentiary hearing.

## II.     Motion For Discovery (Doc. #311)

Defendant seeks a list of all cases where the Court has appointed Ms. Rokusek as counsel under the Criminal Justice Reform Act.  Defendant has not shown good cause for such information. See Rule 6 of the Rules Governing Section 2255 Proceedings (discovery available upon showing of good cause).  The Court therefore overrules defendant's request.[3]

---

[3]       To the extent defendant asserts that he is entitled to the documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 551(1)(B), Congress explicitly excepted federal courts from coverage under FOIA.  See United States v. Choate, 102 Fed. Appx. 634, 635 (10th Cir. 2004); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 n.1 (10th Cir. 1980).

**III.    Motion To Clarify Filing Of Section 2255 Motion And For Order To Have Government Show Cause Why It Is Obstructing Justice (Doc. #312)**

Defendant asks the Court to clarify that his Section 2255 motion was filed on April 13, 2009. As explained above, defendant's motion was filed on April 21, 2009.

Defendant next asks the Court to order the government to show cause why it is obstructing justice in this case.  Defendant cites no authority for his request and the Court declines to issue such an order based on defendant's bare assertions.  In addition, the Court notes that defendant has already asserted civil claims related to the alleged seizure of his mail in the pending case of <u>Akers v. Shute et al.</u>, No. 08-3106-SAC.

**IV.    Motion To Produce (Doc. #316)**

Defendant again seeks a list of all cases where the Court has appointed Ms. Rokusek as counsel under the Criminal Justice Reform Act.  Defendant has not shown good cause for the production of such information.  <u>See</u> Rule 6 of the Rules Governing Section 2255 Proceedings (discovery available upon showing of good cause).  The Court therefore overrules defendant's motion.

**V.    Motion To Produce (Doc. #317)**

Defendant seeks all documents which show that he intended that a financial institution incur actual losses.  As with defendant's other requests, he has not shown good cause.  <u>See</u> Rule 6 of the Rules Governing Section 2255 Proceedings (discovery available upon showing of good cause).  The Court therefore overrules his request.

**VI.    Motion To Amend (Doc. #320)**

Defendant seeks leave to amend his previous filings to add further allegations that the AUSA in this case ordered that his mail be confiscated and that his telephone conversations be recorded.

Defendant utterly fails to explain how these allegations relate to his Section 2255 motion. Because the motion was filed some four months after his Section 2255 motion and the allegations contained in the addendum are not sufficiently related to the original motion, the Court overrules defendant's motion to amend.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #308) filed April 29, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's motion for discovery (Doc. #311) filed May 11, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's motion to clarify filing of Section 2255 motion and for issuance of show cause order (Doc. #312) filed May 29, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's motion for an evidentiary hearing (Doc. #314) filed June 11, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's motion to produce (Doc. #316) filed June 15, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's motion to produce (Doc. #317) filed June 29, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Defendant's Addendum To Motion For Evidentiary Hearing/Brief In Support Regarding Defendant's Motion Pursuant To 28 U.S.C. SS 2255</u> (Doc. #320) filed July 16, 2009, and which the Court construes as a motion to amend, be and hereby is **OVERRULED**.

Dated this 1st day of September, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
