**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | Case No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This mater is before the Court on Defendant's Renewed Motion To Recuse United States District Judge Kathryn H. Vratil From The Case Under 28 U.S.C. § 455 (Doc. #325) filed September 21, 2009; Defendant's Motion For Extension Of Time in Order To File Motion For Reconsideration Pursuant To Fed. R. Civ. P. 59(e) (Doc. #324) filed September 16, 2009; Defendant's Pro Se Motion To Vacate The Date For His Motion For Reconsideration Under Fed. R. Civ. P. 59(e) Until The Outcome In A Collateral Proceeding(s) In Case No. 08-cv-140-EGS/Akers v. Watts, et al. (U.S.D.C. - District of Columbia); And Case No. 07-cv-572-JCM-GWF, Akers v. Keszei, et al. (U.S.D.C. - District of Nevada) (Doc. #326) filed October 16, 2009. For reasons stated below, the Court overrules defendant's motions.

**I.      Renewed Motion To Recuse**

Defendant asks the undersigned judge to recuse herself from the case based on "newly discovered evidence that is currently being filed in a collateral motion" under Rule 59(e). Defendant's Renewed Motion (Doc. #325) at 2. Defendant's newly discovered evidence allegedly shows a conspiracy between his former counsel, the United States Attorney's Office, an FBI agent and the undersigned judge. As explained below, defendant has not timely filed a Rule 59 motion.

In addition, defendant's repeated assertion of a conspiracy between the undersigned judge and counsel in this case is untrue, irrational and insufficient to warrant recusal.

Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct for United States Judges, Canon 3, § C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) ( judge has as strong a duty to sit when there is no legitimate reason to recuse as she does to recuse when law and facts require). The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman, 831 F.2d at 939 (citation omitted).

In United States v. Veatch, 842 F. Supp. 480, 481 (W.D. Okla. 1993), a criminal defendant attempted to force recusal of the judge who presided over the case by including her in "patently frivolous lawsuits" which included allegations that were "materially false and utterly absurd." On appeal, defendant argued that the judge's impartiality was called into question after he sued her for racketeering, obstruction of justice, conspiracy to murder him, kidnaping and extortion and other criminal conduct. United States v. Sealander, 1996 WL 408368, at *19, 91 F.3d 160 (10th Cir. July 19, 1996). The Tenth Circuit upheld the judge's determination that the allegations in the complaint

were unsubstantiated and facially frivolous and that the suit was an attempt to disqualify all federal judges in the Western District of Oklahoma from sitting on his criminal case. Id. The Tenth Circuit thus upheld denial of the motion to recuse. Id.; see also Mehdipour v. Parker, No. CIV-03-534-C, 2005 WL 2666387 (W.D. Okla. June 10, 2005); cf. In re Taylor, 417 F.3d 649, 652-654 (7th Cir. 2005) (federal judge not disqualified to hear federal criminal case against defendant even though same defendant brought frivolous civil suit against same judge eight years earlier; earlier suit was attempt to judge-shop in another earlier civil suit).

In this case, a reasonable person with access to the relevant facts would not conclude that the impartiality of the undersigned might be questioned. Rather, it appears that defendant is simply trying to delay the proceedings. Under Section 455(b)(l), a judge must disqualify herself if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against Akers. See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from an extrajudicial source). Accordingly, the Court finds that recusal is not necessary.

## II. Motion For Extension Of Time To File Rule 59(e) Motion

Defendant seeks an extension of time to file a motion to reconsider. A motion under Rule 59(e) must be filed no later than 10 days after entry of judgment. See Fed. R. Civ. P. 59(e). The requirement that post-judgment motions be filed within the relevant ten-day period is jurisdictional and the Court lacks authority to extend the deadline in Rule 59(e). Fed. R. Civ. P. 6(b) (district court cannot extend deadline to file Rule 59 motion); see Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1241 (10th Cir. 2006); Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1179 (10th Cir. 2000). Here, the Clerk entered judgment on September 1, 2009. After excluding intervening Saturdays, Sundays and legal holidays, motions to alter or amend were due on

September 16, 2009. Defendant has not yet filed his motion so any motion at this point would be untimely under Rule 59(e). The Court therefore overrules defendant's request to extend the deadline to file a Rule 59 motion.

### III. Motion To Stay Deadline To File Rule 59 Motion

As explained above, the requirement that post-judgment motions be filed within the relevant ten day period is jurisdictional and the Court lacks authority to extend the deadline in Rule 59(e). Accordingly, the Court overrules defendant's motion to stay the deadline to file a Rule 59 motion.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion To Recuse United States District Judge Kathryn H. Vratil From The Case Under 28 U.S.C. § 455 (Doc. #325) filed September 21, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion For Extension Of Time in Order To File Motion For Reconsideration Pursuant To Fed. R. Civ. P. 59(e) (Doc. #324) filed September 16, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Pro Se Motion To Vacate The Date For His Motion For Reconsideration Under Fed. R. Civ. P. 59(e) Until The Outcome In A Collateral Proceeding(s) In Case No. 08-cv-140-EGS/Akers v. Watts, et al. (U.S.D.C. - District of Columbia); And Case No. 07-cv-572-JCM-GWF, Akers v. Keszei, et al. (U.S.D.C. - District of Nevada) (Doc. #326) filed October 16, 2009 be and hereby is **OVERRULED**.

Dated this 30th day of October, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge