**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONTGOMERY CARL AKERS, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>Case No. 04-20089-01-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Defendant's Motion To Vacate Judgment Under Fed. R. Crim. P. 33(a) and Fed. R. Civ. P. 60(b) And Grant Of New Trial Based Upon Newly Discovered Evidence</u> (Doc. #334) filed December 4, 2009. The Court does not have jurisdiction to address defendant's motion. First, defendant's case is on appeal. Subject to exceptions which do not apply in this case, the filing of a notice of appeal divests a district court of jurisdiction. <u>See</u> <u>United States v. Brown</u>, 290 Fed. Appx. 157, 159 (10th Cir. 2008); <u>United States v. Prows</u>, 448 F.3d 1223, 1228 (10th Cir. 2006); <u>United States v. Meyers</u>, 95 F.3d 1475, 1489 n. 6 (10th Cir. 1996); <u>see also</u> <u>United States v. Varah</u>, 952 F.2d 1181, 1182-83 (10th Cir. 1991) (pending appeal divests district court of jurisdiction to decide motion for new trial on grounds of newly discovered evidence). Moreover, defendant's motion is in effect a motion to vacate under 28 U.S.C. § 2255, <u>see</u> <u>United States v. Kirtman</u>, 310 Fed. Appx. 278, 281 (10th Cir. 2009) (bar against successive Section 2255 petitions may not be avoided by simply styling petition under different name); <u>United States v. Torres</u>, 282 F.3d 1241, 1246 (10th Cir. 2002) (same); <u>see also</u> <u>United States v. Nelson</u>, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought, not pleading's title, determines whether pleading is Section 2255 motion), and absent authorization from the Tenth Circuit Court of Appeals, the Court cannot

entertain a second or successive Section 2255 motion. See Kirtman, 310 Fed. Appx. at 281 (Rule 60(b) motion subject to second or successive authorization requirements if, in substance or effect, motion asserts or reasserts federal basis for relief from underlying conviction); Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).

**IT IS THEREFORE ORDERED** that Defendant's Motion To Vacate Judgment Under Fed. R. Crim. P. 33(a) and Fed. R. Civ. P. 60(b) And Grant Of New Trial Based Upon Newly Discovered Evidence (Doc. #334) filed December 4, 2009 be and hereby is **OVERRULED**.

Dated this 17th day of December, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge