# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Vacate All Rulings Made In This Case By Judge Kathryn H. Vratil Based Upon Structural Defects In The Trial Mechanism Itself Herein (Doc. #372) filed November 5, 2010 and defendant's Addendum To Defendant's Motion To Vacate All Rulings Of Judge Kathryn H. Vratil Due To Structural Defects In The Trial Mechanism (Doc. #374) filed November 15, 2010.

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his conviction and sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. Feb. 23, 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. See United States v. Kirtman, 310 Fed. Appx. 278, 281 (10th Cir.) (bar against successive Section 2255 petitions may not be avoided by simply styling petition under different name), cert. denied, 129 S. Ct. 2071 (2009); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) (same); see also United States v. Nelson, 465 F.3d

1145, 1149 (10th Cir. 2006) (relief sought, not pleading title, determines whether pleading is Section 2255 motion).

The Court in its discretion construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[1] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely or a successive motion, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).  Because defendant's motion is clearly without merit and seeks to re-litigate issues which he has raised in numerous motions and appeals, the Court overrules the motion rather than transferring it to the Tenth Circuit.  See United States v. Lara-Jiminez, 377 Fed. Appx. 820, 822 (10th Cir. 2010) (transfer not in interest of justice when claims clearly do not meet requirements in Section 2255(h)); In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate All Rulings Made In This Case By Judge Kathryn H. Vratil Based Upon Structural Defects In The Trial Mechanism Itself Herein (Doc. #372) filed November 5, 2010 be and hereby is **OVERRULED**.

Dated this 18th day of November, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
