# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> MONTGOMERY CARL AKERS, ) <br> ) <br> **Defendant.** ) <br> _____) | **CRIMINAL ACTION** <br><br> **No. 04-20089-01-KHV** |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Response To The Court's Order (Doc. #407) Concerning Proposed Filing Restrictions (Doc. #410) filed September 10, 2012 and Defendant's Motion For Evidentiary Hearing And Motion To Show Cause (Doc. #413) filed April 11, 2013. For reasons set forth below, the Court overrules defendant's objections and his motion, and imposes restrictions on any future filings by defendant.

**I.     Defendant's Objections To Proposed Sanctions**

On August 20, 2012, the Court proposed imposing filing restrictions and sanctions on defendant as follows:

> [I]f defendant files any document in this criminal case which the Court deems frivolous, the Court will sanction defendant a minimum of $500.00 for each violation and may impose further restrictions on his future filings in the District of Kansas. This restriction does not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.

Memorandum And Order (Doc. #408).

The Court gave defendant 14 days from the date of its order to object to these proposed filing restrictions. On September 10, 2012, defendant responded.[1] He raises two sets of objections to the proposed filing restrictions: (1) the undersigned judge must recuse from the case and (2) the Court did not warn defendant that his conduct could result in sanctions and is using sanctions to restrict his access to the Court because he is close to producing evidence of malicious prosecution. Both are frivolous. First, for reasons the Court has repeatedly explained, defendant's unsubstantiated allegations of bias and conspiracy are untrue, irrational and insufficient to warrant recusal. See, e.g., Memorandum And Order (Doc. #390) filed March 16, 2012; Memorandum And Order (Doc. #328) filed October 30, 2009; Memorandum And Order (Doc. #233) filed July 19, 2007. Second, defendant has no right to make frivolous filings. The Court gave defendant an opportunity to object to the proposed sanctions and defendant has presented no evidence or argument that warrant dispensing with the proposed sanctions. As of the date of this order, the Court imposes the filing restrictions described above.

## II.     Defendant's Motion For Evidentiary Hearing

Defendant requests an evidentiary hearing on his claim that a United States Attorney for the District of Kansas has interfered with defendant's access to his property and finances, and interfered with his right to hire counsel in violation of his Fifth and Sixth Amendment rights. Nothing in defendant's motion, which alleges interference with access to property and finances unrelated to any criminal proceedings, implicates his Sixth Amendment right to counsel. See Iowa v. Tovar, 541 U.S. 77, 80 (2004) (Sixth Amendment safeguards right to counsel at all critical stages of criminal

---

[1] Although defendant did not respond within 14 days of the date of the Court's order, the Court treats his objections as though timely filed. It appears that defendant mailed his response within 14 days after receiving the order.

process). To the extent defendant alleges Fifth Amendment due process violations, he has not shown that he can properly bring any such claim in this criminal action.

**IT IS THEREFORE ORDERED that if defendant files any document in this criminal case which the Court deems frivolous, the Court will sanction defendant a minimum of $500.00 for each violation and may impose further restrictions on future filings in the District of Kansas. This restriction does not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.**

**IT IS FURTHER ORDERED** that <u>Defendant's Motion For Evidentiary Hearing And Motion To Show Cause</u> (Doc. #413) filed April 11, 2013, be and hereby is **OVERRULED**.

Dated this 7th day of August, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge