IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )  | |
| Plaintiff,    ) | |
| )  | CRIMINAL ACTION |
| v.    ) | |
| )  | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS,    ) | |
| )  | |
| Defendant.    ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Defendant's Combined Motion To Modify Restitution Order And For Show Of Cause Upon The Government How It Can Exact Restitution In This Case When The Alleged Victim Of Financial Losses Was Obtained By Fraud Upon The Court And Not Presented To A Legally Constituted Grand Jury Who Passed An Indictment On The Same And For An Evidentiary Hearing On This Matter</u> (Doc. #447) filed February 25, 2016 and <u>Defendant's Amended Motion To Modify Restitution Order And For Show Of Cause</u> (Doc. #448) filed May 2, 2016. For reasons stated below, the Court overrules defendant's motions.

Defendant purportedly brings his motions under 18 U.S.C. § 3664(k), which permits the Court to modify a restitution order based on a material change in economic circumstances. Doc. #447 at 1. Defendant states that "he is capable of paying his restitution in full." <u>Id.</u> Defendant provides no information about any changed economic circumstances. Accordingly, the Court overrules defendant's motions to the extent that they seek modification of the restitution order under Section 3664(k). <u>See</u> <u>United States v. Broadus</u>, No. 3:10-CR-183-B (01), 2014 WL 4060048, at *1 (N.D. Tex. Aug. 15, 2014) (defendant bears burden to prove that circumstances have changed enough to warrant modification).

In the instant motions, defendant merely attacks the restitution order as invalid. In particular, defendant argues that the Court lacked jurisdiction to enter the restitution order because (1) the indictment does not set forth a federal offense, (2) the grand jury was not legally constituted and (3) the alleged victim is not a federally insured financial institution. Doc. #447 at 2-3; Doc. #448 at 1-2, 5.[1] The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, does not permit the Court to reduce the amount of restitution nearly ten years after sentencing. United States v. Wyss, 744 F.3d 1214, 1219 (10th Cir. 2014). Under the MVRA, the Court may adjust defendant's payment schedule upon a showing of a material change in financial circumstances. See 18 U.S.C. § 3664(k). The Court does not have authority to reduce the total restitution amount. See Wyss, 744 F.3d at 1219; see also United States v. McMahon, No. 99-4239, 2000 WL 1039473, at *3 (4th Cir. July 28, 2000). Moreover, the Court does not have jurisdiction to resentence defendant and impose a new restitution judgment.[2]

---

[1] Defendant also argues that BOP employees are restricting his ability to communicate with counsel and conduct a full "forensic financial investigation." Doc. #448 at 7. Defendant has not alleged how such an investigation specifically relates to his present motions. Defendant states that BOP employees seek to prevent him from communicationg with counsel so that he may attack the "validity of his conviction" and bring "civil charges." Id. at 6 n.3. As explained below, absent leave from the Tenth Circuit Court of Appeals, defendant cannot challenge the validity of his conviction in this Court. In addition, the Court does not have authority to reduce the total restitution amount. As to civil charges, defendant has not shown that this Court has jurisdiction to hear any such claims.

[2] A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these
(continued...)

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his conviction and sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. Feb. 23, 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. See United States v. Kirtman, 310 F. App'x 278, 281 (10th Cir.) (bar against successive Section 2255 petitions may not be avoided by simply styling petition under different name), cert. denied, 129 S. Ct. 2071 (2009); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) (same); see also United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought, not pleading title, determines whether pleading is Section 2255 motion).

The Court in its discretion also construes defendant's present motions as second or successive petitions under 28 U.S.C. § 2255.[3] Pursuant to the Antiterrorism and Effective Death

---

[2](...continued)
exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

[3] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is an untimely or successive motion,
(continued...)

Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer an action or dismiss it without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Because defendant's motions clearly do not satisfy the high standard to pursue a second or successive motion, the Court dismisses the motions rather than transferring them to the Tenth Circuit. See United States v. Lara-Jiminez, 377

---

[3](...continued)
however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

F. App'x 820, 822 (10th Cir. 2010) (transfer not in interest of justice when claims clearly do not meet requirements in Section 2255(h)); In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

**IT IS THEREFORE ORDERED** that Defendant's Combined Motion To Modify Restitution Order And For Show Of Cause Upon The Government How It Can Exact Restitution In This Case When The Alleged Victim Of Financial Losses Was Obtained By Fraud Upon The Court And Not Presented To A Legally Constituted Grand Jury Who Passed An Indictment On The Same And For An Evidentiary Hearing On This Matter (Doc. #447) filed February 25, 2016 and Defendant's Amended Motion To Modify Restitution Order And For Show Of Cause (Doc. #448) filed May 2, 2016 be and hereby are **OVERRULED**.  To the extent that the Court also construes Defendant's Combined Motion To Modify Restitution Order And For Show Of Cause Upon The Government How It Can Exact Restitution In This Case When The Alleged Victim Of Financial Losses Was Obtained By Fraud Upon The Court And Not Presented To A Legally Constituted Grand Jury Who Passed An Indictment On The Same And For An Evidentiary Hearing On This Matter (Doc. #447) filed February 25, 2016 and Defendant's Amended Motion To Modify Restitution Order And For Show Of Cause (Doc. #448) filed May 2, 2016 as motions for leave to file second or successive petitions under 28 U.S.C. § 2255, the motions are **DISMISSED without prejudice**.

<sup>Case 2:04-cr-20089-KHV   Document 449   Filed 05/26/16   Page 6 of 6</sup>

Dated this 26th day of May, 2016 at Kansas City, Kansas.

                                                                  s/ Kathryn H. Vratil
                                                                  KATHRYN H. VRATIL
                                                                  United States District Judge

<sub>-6-</sub>