# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Combined Motion For Recusal Of Presiding Judge Kathryn H. Vratil; And Motion To Reopen Habeas Proceedings In This Case Due To Fraud Being Perpetrated Upon The Court In The First Habeas Proceeding (Doc. #457) filed January 23, 2017. On April 11, 2017, the Court ordered defendant to show good cause in writing why pursuant to the Court's Memorandum And Order (Doc. #416) filed August 7, 2013, the Court should not sanction him $500.00 based on the filing of his combined motion (Doc. #457). See Order To Show Cause (Doc. #461). On May 1, 2017, defendant filed a response. See Response/Objection To The Order To Show Cause (Doc. #463).

Initially, defendant objects to the order to show cause because the undersigned judge issued the order before ruling on his motion to recuse. See id. at 1-2. The Court issued the show cause order to give defendant an opportunity to show some non-frivolous basis for his combined motion to recuse and to reopen habeas proceeding. The issues of recusal, reopening the habeas proceeding and sanctions are interrelated. All three issues involve the merits of defendant's combined motion to recuse and to reopen habeas proceeding. Accordingly, the Court properly considers these issues collectively in this order.

**I.     Motion To Recuse**

Defendant asks the undersigned judge to recuse from this case. For reasons the Court has repeatedly explained, defendant's unsubstantiated allegations of bias and conspiracy are untrue, irrational and insufficient to warrant recusal. See, e.g., Memorandum And Order (Doc. #421) filed September 11, 2013 at 1; Memorandum And Order (Doc. #416) filed August 7, 2013 at 2; Memorandum And Order (Doc. #390) filed March 16, 2012 at 2; Memorandum And Order (Doc. #328) filed October 30, 2009 at 1-2; Memorandum And Order (Doc. #233) filed July 19, 2007 at 2-3.[1]

**II.    Motion To Reopen Habeas Proceeding**

Under Rules 60(b)(3) and 60(d)(3), Fed. R. Civ. P., defendant asks the Court to reopen consideration of his motion to vacate under 28 U.S.C. § 2255. Defendant asserts fraud on the Court based on his allegations that (1) the undersigned judge conspired with the prosecutor and (2) the Court's rulings on his Section 2255 motion were tainted with bias and prejudice. Doc. #457 at 11-12. Defendant simply reasserts the same allegations which this Court has repeatedly denied. For reasons stated elsewhere in the record, defendant has not shown sufficient grounds to reopen his Section 2255 proceeding.

---

[1] Throughout the years, defendant has raised numerous factually untrue allegations. For example, in 2007, he alleged that the undersigned judge acquiesced in a plot by the prosecutor, the United States Marshal's Service and others to have defendant murdered in his prison cell. See Memorandum And Order (Doc. #233) at 1. In 2014, the Tenth Circuit noted that defendant's allegations of judicial bias are based solely on "adverse rulings and his distortion of the record." Order And Judgment (Doc. #435) filed June 19, 2014 at 4. Defendant's present assertions of bias similarly rely on allegations that the Court has rejected or that involve distortions of the record.

### III.     Sanctions

On August 7, 2013, the Court ordered filing restrictions as follows:

> **if defendant files any document in this criminal case which the Court deems frivolous, the Court will sanction defendant a minimum of $500.00 for each violation and may impose further restrictions on future filings in the District of Kansas. This restriction does not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.**

Memorandum And Order (Doc. #416) at 3. As noted, the Court has provided defendant an opportunity to show cause why the Court should not sanction him $500.00 for the filing of his combined motion to recuse and to reopen habeas proceeding (Doc. #457).

A document generally is considered "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (frivolous complaints include "fanciful factual allegation"or challenges to "inarguable legal conclusion"). Defendant states that his combined motion is not frivolous because it is "grounded with sworn affidavits and exhibits." Response/Objection To The Order To Show Cause (Doc. #463) at 2. The fact that a party attaches affidavits and exhibits to a motion alone is insufficient to show that the motion is not frivolous. In his motion, defendant continues to advance unsubstantiated factual allegations that the undersigned judge is biased and has conspired with the prosecutor. Defendant also continues to assert that the indictment is legally defective because of fraud on the Court. The Court has repeatedly rejected nearly identical factual allegations and legal theories. Defendant has appealed numerous orders involving these issues.[2] In light of this Court's prior rulings involving similar claims, defendant's

---

[2] The Tenth Circuit has dismissed many of defendant's appeals based on his appeal waiver in the plea agreement. In a recent appeal, the Tenth Circuit noted as follows:

(continued...)

-3-

combined motion to recuse and to reopen habeas proceeding (Doc. #457) includes fanciful factual allegations and legal theories.[3] Neitzke, 490 U.S. at 325. The Court therefore finds that Defendant's Combined Motion For Recusal Of Presiding Judge Kathryn H. Vratil; And Motion To Reopen Habeas Proceedings In This Case Due To Fraud Being Perpetrated Upon The Court In The First

---

[2](...continued)
"Mr. Akers is no stranger to this court," United States v. Akers, 377 Fed. Appx. 834, 835 (10th Cir. 2010), nor is he unfamiliar with the available bases for challenging the enforcement of his appeal waiver, see United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Akers has opposed the government's motions to enforce his appeal waiver on at least five previous occasions. See United States v. Akers, 628 Fed. Appx. 560, 562-63 (10th Cir. 2015); United States v. Akers, Nos. 12–3123 & 12–3130, slip op. at 3-4 (10th Cir. Aug. 20, 2012); Akers, 377 Fed. Appx. 834, 836-37 (10th Cir. 2010); United States v. Akers, 317 Fed. Appx. 798, 801-04 (10th Cir. 2009); United States v. Akers, 281 Fed. Appx. 844, 845 (10th Cir. 2008). . . . he has provided insufficient grounds for this court to dismiss the government's motion for failure to comply with the court's rules.

United States v. Akers, 669 F. App'x 959, 960 (10th Cir. Nov. 1, 2016).

[3] For example, defendant asserts that the grand jury did not return a "constitutional[] and lawful" indictment and that the undersigned judge knew "from the outset of this case" that the indictment was fraudulent. Doc. #457 at 12; see id. at 9 (alleging that prosecutor and judge "acquiesced in fraud upon the court"); id. (alleging that judge has bias and prejudice that has nothing to do with facts of this case); id. at 9-10 (judge has "acquiesced in fraud perpetrated upon the court in the form of a non-exist[e]nt grand jury indictment and related grand jury and district court misconduct"); id. at 10 (prosecutor and judge continue "to lie about the fact of their ex-parte extrajudicial acts against the Defendant"). The Court has previously rejected defendant's challenges to the lawfulness of the indictment. See Memorandum And Order (Doc. #248) filed March 5, 2008 at 1-2 (rejecting jurisdictional challenge to indictment under Fed. R. Crim. P. 12(b)(3)(B) because defendant filed it after judgment was entered), appeal dismissed, 281 F. App'x 844, 845 (10th Cir.) (per curiam), cert. denied, 555 U.S. 923 (2008); United States v. Akers, 2008 WL 4911145, at *1 (D. Kan. Nov. 13, 2008) (overruling jurisdictional challenge to indictment under Fed. R. Crim. P. 12(e) which raised same arguments as prior Rule 12(b)(3)(B) motion), appeal dismissed, 317 F. App'x 798 (10th Cir.), cert. denied, 558 U.S. 1036 (2009); see also United States v. Akers, 2016 WL 3014955, at *1 (D. Kan. May 26, 2016) (rejecting allegations that indictment defective because (1) indictment does not set forth federal offense, (2) grand jury not legally constituted and (3) alleged victim not federally insured financial institution). Likewise, as noted above, the Court has held on several occasions that defendant's unsubstantiated allegations of bias and conspiracy are untrue, irrational and insufficient to warrant recusal.

Habeas Proceeding (Doc. #457) is frivolous. The Court sanctions defendant $500.00 for filing the motion.

**IT IS THEREFORE ORDERED** that Defendant's Combined Motion For Recusal Of Presiding Judge Kathryn H. Vratil; And Motion To Reopen Habeas Proceedings In This Case Due To Fraud Being Perpetrated Upon The Court In The First Habeas Proceeding (Doc. #457) filed January 23, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED that based on defendant's filing of Defendant's Combined Motion For Recusal Of Presiding Judge Kathryn H. Vratil; And Motion To Reopen Habeas Proceedings In This Case Due To Fraud Being Perpetrated Upon The Court In The First Habeas Proceeding (Doc. #457), which contains frivolous factual allegations and legal theories, the Court sanctions defendant in the amount of $500.00. On or before July 31, 2017, defendant shall pay this amount to the Clerk of the Court. If the Clerk of the Court does not receive full payment of the sanctions by July 31, 2017, the Clerk shall collect any outstanding amount from defendant's inmate trust account.**

**IT IS FURTHER ORDERED that if defendant files any further document in this criminal case which the Court deems frivolous, the Court will sanction defendant a *minimum* of $1,000.00 for the next violation, a *minimum* of $5,000.00 for a third violation, a *minimum* of $10,000.00 for a fourth violation, and a *minimum* of $20,000.00 for a fifth and subsequent violations. If defendant files any document which raises frivolous arguments which this Court or the Tenth Circuit has previously addressed, the Court will summarily dismiss the document and impose sanctions without further notice. This restriction does not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District**

**of Kansas.**

Dated this 15th day of June, 2017 at Kansas City, Kansas.

>  s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge