## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | |
| MONTGOMERY CARL AKERS, | ) | No. 04-20089-01-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On November 20, 2006, the Court sentenced defendant to 327 months in prison. On January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence. Since that time, defendant has filed a litany of frivolous motions and appeals throughout the country involving various collateral matters related to his conviction and sentence. This matter is before the Court on defendant's <u>Motion To Void The Original Habeas Proceedings In This Case Based Upon A Lack Of Subject-Matter Jurisdiction</u> (Doc. #475) filed March 18, 2019, defendant's <u>Motion For Appointment Of The Federal Public Defender Per Standing Order 18-3</u> (Doc. #476) filed March 18, 2019, defendant's <u>Motion To Amend The Restitution Order</u> (Doc. #477) filed March 18, 2019, defendant's <u>Motion For Status Update Regarding Doc. #475 Filed On March 28, 2019</u> (Doc. #481) filed July 10, 2019, <u>Defendant's Motion In Notifying The District Court That He Is Being Interfered With And Being Denied The Ability To Retain And Secure Licensed Counsel To Represent Him Concerning Docket [Nos.] 475, 476, 477, 478, 479 [And] 480 Before This Court</u> (Doc. #482) filed July 15, 2019 and defendant's <u>Motion For Leave To Proceed On Appeal Without Prepayment Of Costs Or Fees</u> (Doc. #485) filed October 21, 2019. For reasons stated below, defendant is not entitled to any relief. In addition, the Court sanctions defendant in

the amount of $76,000.00 for his current filings and proposes restrictions on defendant's filing of documents.

## Factual And Procedural Background

While serving a 105-month sentence at USP-Leavenworth for bank fraud and related charges, defendant successfully recruited an unwitting pen pal to help him create worthless checks and engage in fraudulent activity. As a result, a grand jury returned an indictment which charged him with five counts of wire fraud.

While the indictment was pending, defendant recruited Donald Mixan, a fellow inmate at Corrections Corporation of America in Leavenworth, Kansas, to help engage in a scam involving opening accounts with counterfeit checks. After Mixan was released from custody, defendant coordinated with Mixan to execute the fraudulent scheme which involved payments to defendant's alleged wife, attorneys that defendant wanted to retain and Mixan's landlord. As a result, a grand jury returned a superseding indictment which added a count for conspiracy to commit bank fraud.

After defendant pled guilty to one count of wire fraud and was awaiting sentencing, he initiated yet another fraudulent scheme involving a pen pal who suffered from multiple sclerosis. In the end, before the fraudulent scheme could be fully executed, the pen pal's son contacted law enforcement personnel.

Still before sentencing, defendant proceeded to recruit another unwitting participant, a former cellmate's daughter, in a fraudulent scheme based on his promise of employment and financial security. The individual was unable to actually produce any fraudulent checks for defendant, but she and her family suffered financially from his conduct.

On November 20, 2006, the Court sentenced defendant to 327 months in prison. The Tenth Circuit affirmed defendant's sentence on direct appeal. See United States v. Akers, 261 F. App'x 110 (10th Cir. Jan. 16, 2008).

On September 1, 2009, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #308) filed April 29, 2009. See Memorandum And Order (Doc. #321).

In addition to numerous post-conviction motions filed in this criminal matter, defendant throughout the country has filed multiple civil suits involving this case against his former attorney, the undersigned judge, the prosecutor, the FBI case agent, deputy U.S. Marshals and others. See, e.g., Akers v. Flannigan, No. 17-3094-SAC, 2017 WL 6550860 (D. Kan. Nov. 8, 2017) (dismissing action under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) against AUSA, FBI agent and BOP legal advisor); Akers v. Walton, No. 14-CV-1330-DRH, 2015 WL 264705, at *3 (S.D. Ill. Jan. 20, 2015) (dismissing § 2241 action asserting denial of unfettered access to financial resources outside prison walls); Akers v. Walton, No. 13-CV-01090-DRH, 2013 WL 6068584, at *1 (S.D. Ill. Nov. 18, 2013) (dismissing § 2241 action alleging BOP interfered with access to finances and tampered with legal mail); Akers v. Roal-Werner, No. 12-CV-1037-DRH, 2012 WL 5193583, at *3 (S.D. Ill. Oct. 19, 2012) (dismissing § 2241 action alleging prison staff interfered with communications with counsel and denied access to finances); Akers v. Roal, No. 11-cv-622-MJR, ECF Docs. 38 and 39 filed Aug. 13, 2012 and Sept. 11, 2012 (S.D. Ill.) (dismissing Bivens action alleging prison staff interfered with communications with counsel and denied access to finances); Akers v. Hollingsworth, No. 11-CV-

00103-DRH, 2011 WL 4404121, at *1 (S.D. Ill. Sept. 21, 2011) (dismissing § 2241 action requesting "privileged, unmonitored, meaningful contact with his attorney; preventing prison staff from rejecting his attorney's correspondence; and enjoining the Bureau of Prisons from denying him the right to access and sell his legitimate assets, by phone or mail, in order to fund his legal expenses"); Akers v. Rokusek, No. 09-cv-448-KJD-PAL, ECF No. 12 (D. Nev. Mar. 19, 2010) (dismissing Bivens action against former counsel, FBI agent, AUSA and some 40 others); Akers v. Shute, No. 08-3106-SAC, 2010 WL 934616, at *2-4 (D. Kan. Mar. 11, 2010) (dismissing Bivens action alleging deputy U.S. Marshals, AUSA and FBI agent interfered with mail); Akers v. Keszei, Nos. 09-1654 & 09-1834, Judgment at 1-2, available on Pacer (1st Cir. Jan. 21, 2010) (affirming dismissal of civil rights actions filed in Districts of New Hampshire and Maine alleging FBI agents, AUSA, defense counsel and deputy U.S. Marshal interfered with business dealings and attorney communications); Akers v. Crow, 343 F. App'x 319 (10th Cir. Aug. 28, 2009) (affirming dismissal and finding frivolous Bivens action against district judge and clerk of court); Akers v. Martin, 227 F. App'x 721 (10th Cir. Mar. 23, 2007) (affirming dismissal of Bivens action against AUSA, defense counsel, FBI agent, undersigned judge and U.S. Attorney); Akers v. Keszei, No. 07-00572-JCM, 2009 WL 1530819 (D. Nev. June 1, 2009) (dismissing suit against FBI agent and others); Akers v. Vratil, No. 08-cv-2692-SBA, ECF No. 10 (N.D. Cal. Oct. 17, 2008) (transferring case to D. Kan. against undersigned judge, AUSA and deputy U.S. Marshals); Akers v. Martin, No. 07-3569, Judgment, ECF No. 16 (8th Cir. Feb. 21, 2008) (summarily affirming dismissal of FBI agent, prosecutor, prior counsel, deputy U.S. Marshals, victims of fraudulent scheme and others).

In the pending motions, defendant seeks essentially the same relief that this Court and other courts have repeatedly denied.

## Analysis

### I. Defendant's Motion To Void Judgment (Doc. #475)

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, defendant asks the Court to void the judgment on his initial Section 2255 motion for lack of jurisdiction. Motion To Void The Original Habeas Proceedings (Doc. #475) at 1. Initially, the Court must address how to construe defendant's motion.

The relief sought – not a motion's title – determines whether a movant filed a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitions by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). A true Rule 60(b) motion (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1225. When determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive

petition, a Rule 60(b) motion or a "mixed" motion.   Id. at 1224.

Defendant argues that the Court lacked subject matter and personal jurisdiction in the habeas proceeding because the superseding indictment does not charge a violation of federal law. Specifically, defendant asserts that (1) in February of 2000, Fidelity Investments was not a federally insured financial institution doing business in Kansas, (2) it was factually impossible for a grand jury in Kansas to find that he committed the charged crime, (3) the grand jury returned the superseding indictment after the statute of limitations had expired and (4) he was arrested and charged based on perjured testimony, fraud, deceit and outrageous prosecutorial misconduct.   See Motion To Void The Original Habeas Proceedings (Doc. #475) at 1-3; Second Addendum To Defendant's Motion To Void The Judgment In The First Habeas Proceedings Of This Case (Doc. #478) filed March 29, 2019, at 6-7; Brief In Support Of And Clarification Of Defendant's Motion To Void The Original Habeas Proceedings In This Case Based Upon A Lack Of Subject-Matter Jurisdiction (Doc. #480) filed May 20, 2019, at 2-4 & 3 n.1.

Defendant characterizes his motion as a "true" Rule 60(b) motion because it asserts that the Court incorrectly denied relief "for failure to exhaust, procedural bar, or . . . statute of limitations."   Brief In Support (Doc. #480) at 1.   In reality, his claims challenge the substance of the Court's ruling on his original Section 2255 motion.   In an order entered some ten years ago, the Court overruled on the merits defendant's claims that counsel provided ineffective assistance because she "coaxed defendant into pleading guilty to a crime that was legally impossible for him to have committed" and did not argue that the Court lacked subject matter jurisdiction.   Memorandum And Order (Doc. #321) at 3-4.   The Tenth Circuit affirmed.   Now,

defendant asks the Court to reconsider its ruling on subject matter jurisdiction and the sufficiency of the indictment. See <u>Motion To Void The Original Habeas Proceedings</u> (Doc. #475) at 3 (district court lacked jurisdiction because "factually impossible" to commit charged crime; district court lacked personal jurisdiction over defendant for entirety of case); <u>Second Addendum</u> (Doc. #478) at 1 (defendant not present at USP-Leavenworth when his "unconstitutional loss of liberty began on August 30, 2004"); <u>id.</u> (Court "lacked authority under Article III to (1) entertain [the government's] claims, (2) detain the Defendant in federal custody, (3) allow him to stand trial or enter into plea negotiations, [and] (4) enter any judgments"); <u>Brief In Support</u> (Doc. #480) at 3 ("indictment is fatally deficient"); <u>id.</u> at 4 (court lacks subject matter jurisdiction to enter orders because defendant not "legally and factually charged with a violation of federal law"); <u>id.</u> at 5 (court lacked jurisdiction over crime of wire fraud alleged in superseding indictment).

All of defendant's present claims in substance or effect assert or reassert federal grounds for relief from his underlying conviction and sentence. Indeed, at least as to one of his theories, defendant concedes that he challenged the "very same jurisdictional element in his original habeas proceeding." <u>Brief In Support</u> (Doc. #480) at 5. Because defendant has previously sought relief under Section 2255, the Court construes his claims as part of a second or successive Section 2255 motion.[1]

---

[1]    See <u>United States v. Wetzel-Sanders</u>, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); <u>see also</u> <u>United States v. Grigsby</u>, 715 F. App'x 868, 869 (10th Cir. 2018) (Rule 60(b)(4) motion asserting district court lacked jurisdiction over criminal proceeding effectively a § 2255 motion); <u>United States v. Moreno</u>, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to conviction

(continued. . . .)

Defendant argues that because his unconstitutional loss of liberty began on August 30, 2004, near the time of his initial detention, he is not attacking the "underlying conviction, sentence, or the ruling on the merits in his prior habeas proceedings." Second Addendum (Doc. #478) at 1. Defendant also maintains that he is challenging subject matter jurisdiction only in the "habeas proceeding," but his arguments are merely a reiteration of his prior challenge to the sufficiency of the indictment, which necessarily challenges the validity of his conviction. Defendant's jurisdictional claims also lead inextricably to a merits-based attack on the disposition of his prior Section 2255 motion. See Brief In Support (Doc. #480) at 2 (court mischaracterized plea proceedings to support erroneous conclusion on subject matter jurisdiction). Accordingly, the Court construes defendant's present claims about the sufficiency of the indictment and subject matter jurisdiction as an attack on his conviction.[2]

## II.     Relief Under 28 U.S.C. § 2255

As stated, defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See

---

[1](. . . .continued)
not true Rule 60(b) motion); United States v. Tucker, 642 F. App'x 926, 928 (10th Cir. 2016) (argument under Rule 60(b)(4) motion that conviction based on unconstitutional grand jury indictment falls squarely within § 2255).

[2]     Even if defendant's motion could partially be construed as a Rule 60(b)(4) motion, it lacks merit and is time-barred.

28 U.S.C. §§ 2244(b)(3), 2255(h).   If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.   See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).   The Court has discretion whether to transfer or dismiss without prejudice.   Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).   In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction.   Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.   28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit.   See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Here, defendant's claims do not assert new evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law. Rather, defendant raises claims that he either asserted or could have asserted on direct appeal or in his initial Section 2255 motion. Accordingly, the Court declines to transfer the present motion to the court of appeals.

## III. Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

## IV. Motion To Amend Restitution Order (Doc. #477)

Defendant asks the Court to order the BOP to allow him to obtain a "forensic financial investigation" and to submit the investigation along with full payment of his restitution. Motion To Amend The Restitution Order (Doc. #477) at 10; see id. at 7 ("BOP staff have refused to send

---

[3]    The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

mail to financial advisors, who the defendant has contacted for assistance in . . . paying the restitution order to this court."). While defendant states that he "will vigorously attack the underlying judgment in this case as invalid and void," id. at 2, he seeks to pay the restitution in full now that he purportedly has the ability to do so. Defendant states that BOP personnel have prevented him from (1) consummating the sale of his business concept for five billion dollars and (2) accessing 270 million dollars in accounts receivables. Id. at 6-7; see id. at 7 ("Defendant has a payment database with $270 million dollars in receivables contained in it that BOP personnel will not allow him to access.").

In 2015, in the Southern District of Illinois, defendant raised a similar claim under Section 2241. In that action, he sought an order directing BOP officials to allow him "to access funds of his lawful ownership in order to make a one time lump sum payment of restitution as ordered by the Court," and to provide him with an accounting of where the funds taken from his prisoner account have been applied. See Walton, 2015 WL 264705, at *1. The Honorable David R. Herndon denied defendant's request, stating as follows:

> Admirable as petitioner's intentions may be to pay off his sizeable restitution in one lump sum, neither sentencing court required him to do so. As long as he remains in prison, he must pay only 10% of his monthly income toward restitution. Further payments are deferred until after his release. Therefore, it is not necessary for this Court to order the respondent to take any action whatsoever in order for petitioner to comply with the sentencing courts' restitution orders. Furthermore, it is frivolous for petitioner to suggest that prison officials are "preventing" him from paying his court-ordered restitution, when in fact he is under no requirement at this time to pay anything more than the 10% assessment from his prisoner account.

> Addressing the second issue, petitioner's request for an accounting regarding any payments made pursuant to his participation in the IFRP [Inmate Financial Responsibility Program] is not a matter subject to this Court's oversight. The

Seventh Circuit has made it clear that district courts have no authority to interfere with the BOP's discretion in its administration of the IFRP. See In Re: Buddhi, 658 F.3d 740, 741 (7th Cir. 2011). This should come as no surprise to petitioner, as this Court informed him of its inability to override the BOP's discretion as to the IFRP program, in the order dismissing his last habeas petition. Akers v. Walton, Case No. 13–cv–1090–DRH (Doc. 4).

The Attorney General, not the courts, is responsible for the collection of court-ordered restitution, and this authority has been delegated to the BOP. This delegation of authority is proper, and "the courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)." Buddhi, 658 F.3d at 741 (internal quotations and citations omitted). It would thus be improper for this Court to insert itself into the respondent's management of the IFRP by ordering an accounting of the disposition of petitioner's payments made under that program. The petition shall therefore be dismissed.

Id. at *2.

In 2017, under Bivens, defendant asked for similar relief in a civil rights complaint. See Akers v. Flannigan, No. 17-3094-SAC-DJW, 2017 WL 6551114 (D. Kan. July 6, 2017) (alleged defendants violated his "constitutional rights by preventing him from accessing $250 million in funds and by contacting potential defense counsel to dissuade them from representing" him). The Honorable Sam A. Crow dismissed the case because Akers failed to pay the filing fee. See Flannigan, 2017 WL 6550860, at *1-2.

Under the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, 3664, the Court may adjust defendant's payment schedule upon a showing of a material change in financial circumstances. See 18 U.S.C. § 3664(k). Defendant's present motion to seek modification of the restitution order under Section 3664(k) is frivolous. Speculative business deals or potential "receivables" do not come close to satisfying defendant's burden to show that economic

circumstances have changed enough to warrant modification of his restitution obligation.  See United States v. Hill, 205 F.3d 1342, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999) (defendant bears burden to prove by preponderance of evidence "material change" in economic circumstances) (quoting 18 U.S.C. § 3664(k)); United States v. Broadus, No. 3:10-CR-183-B (01), 2014 WL 4060048, at *1 (N.D. Tex. Aug. 15, 2014) (defendant bears burden to prove that circumstances have changed enough to warrant modification).   Based on defendant's stated intention to continue to contest the validity of the restitution order, it appears that his effort to change his restitution obligation is a thinly veiled attempt to continue questionable business dealings from prison.   See, e.g., International Employment Opportunities About Us Page & Operational Plan (Doc. #477-1) at 1 ("We guarantee you that if you follow our simple program, you will make $300-500 a day after your initial (7) day indoctrination period.   After the (7) weeks of in-home training, you will be [sic] make no less than $750.00 a day."); id. at 8 (client is required to purchase database for $200.00 and operational database for $500.00 at final training session, "[b]y that time you will have amassed thousands of dollars in commissions," client will then pay $150.00 per week for electronic leads that are issued daily); id. at 9 ("There is no reason why you will not make at least $150.00 to 300.00 per day in commissions following our training DVD."). Defendant offers no legitimate reason why he would seek to expedite the paying of his restitution while simultaneously arguing that the restitution judgment is invalid.

Defendant has not shown that modification of the restitution order is warranted. Accordingly, the Court overrules defendant's motion to amend.

## V.  Motion To Appoint Federal Public Defender (Doc. #476)

Defendant asks the Court to appoint counsel to investigate potential Sixth Amendment claims involving attorney-client recordings.   Under District of Kansas Standing Order No. 18-3, the Federal Public Defender ("FPD") was appointed "to represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees within this District."   As part of the appointment, the FPD is to "review potential cases."   Because the FPD has already been appointed to review potential cases involving attorney-client recordings, the Court overrules as moot defendant's motion to appoint counsel on this issue.[4]

## VI.  Defendant's Motion Related To Ability To Retain Counsel (Doc. #482)

Defendant argues that the BOP has interfered with his ability to retain attorney Alan Ellis in Novato, California.   See Defendant's Motion (Doc. #482) at 1.   In the Southern District of Illinois, defendant raised similar claims under Section 2241.[5]   He has been informed that claims

---

[4]      At this stage, defendant has not shown that when he was at CCA-Leavenworth, the government recorded any of his attorney-client communications.   Even so, to ensure that the FPD has notice of defendant's potential claim, the Court directs the Clerk to forward a copy of this Memorandum And Order to the Office of the FPD.

[5]      See, e.g., Walton, 2013 WL 6068584, at *1 (BOP "reading, censoring and rejecting" legal mail to counsel); Roal-Werner, 2012 WL 5193583, at *3 (prison staff interfering with communications with counsel); Roal, No. 11-cv-622-MJR, ECF Doc. 38 at 4 (S.D. Ill. Aug. 13, 2012) (prison officials interfering with efforts to secure attorney); Hollingsworth, 2011 WL 4404121, at *1 (requesting "privileged, unmonitored, meaningful contact with his attorney; preventing prison staff from rejecting his attorney's correspondence; and enjoining the Bureau of Prisons from denying him the right to access and sell his legitimate assets, by phone or mail, in order to fund his legal expenses").

related to interference with communications with counsel must be raised as a "challenge to the conditions of his confinement . . . in a civil rights action (see <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971)), not in a habeas case." <u>Roal-Werner</u>, 2012 WL 5193583, at *3.

Defendant argues that he has a Sixth Amendment right to counsel, <u>Defendant's Motion</u> (Doc. #482) at 2, but this argument is frivolous at this stage of the criminal proceedings. <u>See Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) (because defendant has no federal constitutional right to counsel when pursuing discretionary appeals on direct review of conviction, he likewise "has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process"); <u>Coronado v. Ward</u>, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); <u>see also</u> <u>Powers v. Fed. Bureau of Prisons</u>, 699 F. App'x 795, 798 (10th Cir. June 28, 2017) (distinguishing <u>Luis v. United States</u>, —— U.S. ——, 136 S. Ct. 1083, 1088 (2016), which held that "*pretrial* restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment" (emphasis added)).

The Court overrules defendant's motion seeking assistance to stop interference with his ability to retain counsel.

## VII. Motion For Leave To Appeal In Forma Pauperis (Doc. #485)

Defendant seeks *in forma pauperis* status on appeal. Rule 24(a)(3), Fed. R. App. P., provides that a party who was determined to be financially unable to obtain an adequate defense in a criminal case may proceed on appeal *in forma pauperis* without further authorization unless

the district court, before or after the notice of appeal is filed, certifies that the appeal is not taken in good faith. Based on the frivolous and duplicative nature of defendant's motions, the Court certifies that defendant's Notice Of Filing Petition For Mandamus Relief Under 28 U.S.C. § 1361 (Doc. #483), which seeks to compel the Court to rule on defendant's motions, is not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3). The Court therefore overrules defendant's motion.

## VIII.  Sanctions

On August 7, 2013, the Court ordered filing restrictions as follows:

> if defendant files any document in this criminal case which the Court deems frivolous, the Court will sanction defendant a minimum of $500.00 for each violation and may impose further restrictions on future filings in the District of Kansas. This restriction does not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.

Memorandum And Order (Doc. #416) at 3. The Tenth Circuit dismissed for lack of prosecution defendant's appeal of the sanctions order. See Order (Doc. #431).

Subsequently, the Court sanctioned defendant $500.00 for the filing of Defendant's Combined Motion For Recusal Of Presiding Judge Kathryn H. Vratil; And Motion To Reopen Habeas Proceedings In This Case Due To Fraud Being Perpetrated Upon The Court In The First Habeas Proceeding (Doc. #457) because it contained frivolous factual allegations and legal theories. Memorandum And Order (Doc. #466) filed June 15, 2017 at 3-5. The Court imposed further filing restrictions as follows:

> [I]f defendant files any further document in this criminal case which the Court deems frivolous, the Court will sanction defendant a minimum of $1,000.00 for the next violation, a minimum of $5,000.00 for a third violation, a minimum of $10,000.00 for a fourth violation, and a minimum of $20,000.00 for a fifth and subsequent violations.

<u>Id.</u> at 5.   On appeal, the Tenth Circuit affirmed, stating as follows:

> We agree with the district court that filing sanctions were appropriate.   See <u>Tripati v. Beaman</u>, 878 F.2d 351, 354 (10th Cir. 1989) (setting forth relevant factors for imposing sanctions).   We are not persuaded by any of the arguments Akers advances in his briefing or in the several motions he has filed in this court.   We caution Akers that future frivolous appeals may result in an order requiring him to show cause to avoid appellate filing restrictions or sanctions.

<u>United States v. Akers</u>, 740 F. App'x 633, 635 (10th Cir. July 2, 2018), <u>cert. denied</u>, 139 S. Ct. 1573 (2019).

A document or argument generally is considered "frivolous" where it lacks an arguable basis either in law or in fact.   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (frivolous complaints include "fanciful factual allegation" or challenges to "inarguable legal conclusion").

Defendants' current filings contain numerous statements or arguments that are frivolous, including the following:

A.      <u>Violations 1, 2 and 3 (Docs. #475, #478 & #480)</u>

Defendant's <u>Motion To Void The Original Habeas Proceedings In This Case Based Upon A Lack Of Subject-Matter Jurisdiction</u> (Doc. #475) filed March 18, 2019, defendant's <u>Second Addendum To Defendant's Motion To Void The Judgment In The First Habeas Proceedings Of This Case</u> (Doc. #478) filed March 29, 2019 and defendant's <u>Brief In Support Of And Clarification Of Defendant's Motion To Void The Original Habeas Proceedings In This Case Based Upon A Lack Of Subject-Matter Jurisdiction</u> (Doc. #480) filed May 20, 2019, all assert frivolous arguments related to jurisdiction and standing.   Defendant continues to maintain that the Court lacks jurisdiction and that the indictment is legally defective because of fraud on the Court.   The Court has repeatedly rejected factual allegations and legal theories which are nearly identical.

Defendant has appealed numerous orders involving these issues. For reasons stated above and in prior orders, all three documents (Doc. ##475, 478 & 480) related to defendant's motion to void the original habeas proceedings include fanciful factual allegations or legal theories.[6]

B.      Violation 4 (Doc. #476)

Defendant's statement that he has "evidence of numerous Sixth Amendment violations inculpating [the undersigned judge and others] in the recording of his attorney-client phone calls and visits and theft(s) of mail" is frivolous. Motion For Appointment Of The Federal Public Defender Per Standing Order 18-3 (Doc. #476) at 1. As "evidence" of such violations, defendant cites an order from the Honorable Julie A. Robinson in United States v. Carter, No. 16-20032-02, which merely recites defendant's allegations of "fraud upon the Court by Judge Vratil and the prosecutor in his criminal proceeding" including theft of his mail and recording of attorney visits and calls. Motion For Appointment (Doc. #476) at 2. Defendant cites no evidence that

---

[6]      The Court has previously rejected defendant's challenges to the lawfulness of the indictment. See Memorandum And Order (Doc. #248) filed March 5, 2008 at 1-2 (rejecting jurisdictional challenge to indictment under Fed. R. Crim. P. 12(b)(3)(B) because defendant filed it after judgment was entered), appeal dismissed, 281 F. App'x 844, 845 (10th Cir.) (per curiam), cert. denied, 555 U.S. 923 (2008); United States v. Akers, 2008 WL 4911145, at *1 (D. Kan. Nov. 13, 2008) (overruling jurisdictional challenge to indictment under Fed. R. Crim. P. 12(e) which raised same arguments as prior Rule 12(b)(3)(B) motion), appeal dismissed, 317 F. App'x 798 (10th Cir.), cert. denied, 558 U.S. 1036 (2009); see also United States v. Akers, 2016 WL 3014955, at *1 (D. Kan. May 26, 2016) (rejecting allegations that indictment defective because (1) indictment does not set forth federal offense, (2) grand jury not legally constituted and (3) alleged victim not federally insured financial institution); Memorandum And Order (Doc. #466) filed June 15, 2017 at 4 (finding as frivolous claims that (1) grand jury did not return "constitutional[] and lawful" indictment, (2) judge knew "from the outset of this case" that indictment was fraudulent, and (3) judge "acquiesced in fraud perpetrated upon the court in the form of a non-exist[e]nt grand jury indictment and related grand jury and district court misconduct").

implicates the undersigned judge. For reasons the Court has repeatedly explained, defendant's allegations of unlawful coordinated conduct between the undersigned judge and the prosecutor are untrue, irrational and unsubstantiated. See, e.g., Memorandum And Order (Doc. #466) filed June 15, 2017 at 2; Memorandum And Order (Doc. #421) filed September 11, 2013 at 1; Memorandum And Order (Doc. #416) filed August 7, 2013 at 2; Memorandum And Order (Doc. #390) filed March 16, 2012 at 2; Memorandum And Order (Doc. #328) filed October 30, 2009 at 1-2; Memorandum And Order (Doc. #233) filed July 19, 2007 at 2-3.

C.    Violation 5 (Doc. #477)

For substantially the reasons stated above, see supra text, Analysis, Part IV, defendant's Motion To Amend The Restitution Order (Doc. #477) filed March 18, 2019 is frivolous.

D.    Violation 6 (Doc. #482)

Defendant's Motion In Notifying The District Court That He Is Being Interfered With And Being Denied The Ability To Retain And Secure Licensed Counsel To Represent Him Concerning Docket [Nos.] 475, 476, 477, 478, 479 [and] 480 Before This Court (Doc. #482) filed July 15, 2019 is frivolous. As explained above, at this stage of the proceedings, defendant has no Sixth Amendment right to counsel. In addition, at least one court has informed defendant that claims related to BOP interference with his communications with counsel must be brought as a civil rights action under Bivens, not as a habeas motion. See Roal-Werner, 2012 WL 5193583, at *3 (S.D. Ill.). Likewise, the Tenth Circuit previously characterized defendant's appeal in this criminal case on a similar issue as follows: "Th[e] appeal is frivolous. Mr. Akers requested relief in his criminal case, alleging that his custodian had interfered with his right to contact counsel by

telephone. He had apparently already requested such relief through a separate civil action. Although the district court had previously informed him that he should pursue such claims in a civil case, he appealed. We decline to reinstate a frivolous appeal." See Order (Doc. #432) filed January 24, 2014 at 1. In flagrant disregard of these rulings, defendant has again reasserted the claim in this criminal case.

E.       Amount Of Sanctions

Because defendant has filed at least six documents that contain frivolous arguments, the Court sanctions defendant in a total amount of $76,000.00, which reflects the minimum amount set forth in the Memorandum And Order (Doc. #466) for each violation (i.e. $1,000 for the first subsequent violation, $5,000 for the second, $10,000 for the third and $20,000 each for the fourth, fifth and sixth subsequent violations).[7] While defendant shall remain subject to *a minimum* sanction of $20,000.00 for each document filed in this criminal case that is frivolous, the Court intends to impose progressive sanctions above this minimum amount for future violations and such sanctions will increase exponentially for each subsequent violation.

## IX.    Additional Filing Restrictions

In addition to monetary sanctions based on defendant's frivolous filings, filing restrictions are necessary. In related civil actions, several courts have denied Akers in forma pauperis status because he has more than three strikes under 28 U.S.C. § 1915(g). See Akers v. Keszei, No. 2:07-CV-00572-JCM, 2012 WL 1340497, at *3 (D. Nev. Apr. 18, 2012); Hollingsworth, 2011 WL

---

[7]       Regardless of the precise number of violations, sanctions in the total amount of $76,000 are warranted.

4404121, at *2 n.1; <u>see also</u> <u>Akers v. Flannigan</u>, No. 17-3094-SAC-DJW, 2017 WL 6551114, at *1 (D. Kan. July 6, 2017) ("Mr. Akers has long been designated a three-strikes litigant under Section 1915(g) and he has repeatedly been advised that absent a showing of imminent danger, he has lost the right to proceed in forma pauperis in federal court because of his repeated filing of frivolous lawsuits.").   In addition, some courts have imposed pre-filing review restrictions on defendant.   <u>See</u> <u>In re Akers</u>, No. 12-80210, ECF Nos. 2 and 3 filed Mar. 1 and April 15, 2013 (9th Cir.) (noting pre-filing restriction based on defendant's 9th Circuit appeals since 2007: six dismissed for lack of jurisdiction, four dismissed for lack of prosecution, two dismissed voluntarily and one summarily affirming district court ruling); <u>Walton</u>, 2015 WL 264705, at *3-4 (S.D. Ill.) (after fourth habeas petition since he was banned from filing new non-habeas civil cases in district, court imposed restriction that "all papers filed in a collateral attack or habeas action by petitioner Montgomery Carl Akers, Inmate No. 02866–081, will be received and reviewed by this Court, but shall be deemed DENIED after thirty days, unless the Court orders otherwise."); <u>Akers v. Sandoval</u>, No. 95–1306, 1996 WL 635309, at *2 (10th Cir. Nov. 4, 1996) (upholding restriction in District of Colorado that requires leave of court before filing civil action pro se).

The right of access to the courts is neither absolute nor unconditional and the Constitution confers no right to prosecute frivolous or malicious actions.   <u>See</u> <u>Winslow v. Hunter</u>, 17 F.3d 314, 315 (10th Cir. 1994).   The fact that defendant is serving a prison sentence does not entitle him to file frivolous documents in perpetuity.   The goal of fairly dispensing justice is compromised when the Court is forced to devote limited resources to processing repetitious and frivolous claims.   <u>In re Sindram</u>, 498 U.S. 177, 180 (1991).   Federal courts have inherent power

to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. See Tripati, 878 F.2d at 352; see also Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981) (exercise of power to limit filing limited to well-documented and extreme cases; litigant's history must indicate that his filings are predominantly malicious, frivolous or otherwise abusive).

Here, several factors weigh in favor of limiting any further pro se filings in this case. First, defendant has a lengthy history of litigation that entails "vexatious, harassing or duplicative lawsuits." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). More than ten years ago, on January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence. Defendant has filed a barrage of frivolous motions and civil cases which challenge collateral matters related to his criminal case. Since the Tenth Circuit affirmed defendant's sentence, this Court and the Tenth Circuit have collectively issued some 47 orders related to defendant's numerous motions and appeals. See District Court Orders (Doc. ## 248, 277, 280, 282, 283, 291, 292, 306, 321, 328, 335, 366, 375, 384, 388, 390, 393, 396, 408, 416, 421, 430, 437, 439, 449, 461, 473) filed between March 5, 2008 and July 26, 2018; Tenth Circuit Orders (Doc. ##265, 310, 313, 363, 370, 371, 386, 404, 411, 412, 431, 432, 433, 435, 444, 446, 455, 465, 466, 472) filed between July 28, 2008 and July 25, 2018. Defendant has filed numerous civil suits throughout the country in an attempt to argue collateral issues. Nearly all of plaintiff's filings have been duplicative, vexatious and meritless. See Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994) (filing restrictions valid exercise of inherent powers against litigant who has "documented lengthy history of vexatious, abusive actions").

Other factors also weigh in favor of filing restrictions. Defendant certainly does not have a good faith expectation of prevailing on his claims. See Safir, 792 F.2d at 24 (court should consider "litigant's motive in pursuing litigation, e.g. whether the litigant has an objective good faith expectation of prevailing"). Defendant is not represented by counsel, and this fact has led to numerous abusive filings. See id. Defendant's abusive and repetitive filings have caused an unnecessary burden on judicial resources. The Court has been taxed by processing defendant's numerous filings and drafting orders which explain well-established concepts and legal principles that defendant surely understands. See id. (court should consider whether "litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel"). The Court finds that monetary sanctions alone are insufficient and would not adequately protect the Court and the government from future groundless filings. See id. (court should consider whether lesser sanctions would be adequate to protect courts and other parties). Further, this Court and many courts throughout the country have warned defendant concerning further filing restrictions.

Based on the above factors, the Court proposes the following filing restrictions:

**If defendant wishes to file a document, he must file a motion that seeks leave to do so with a copy of the document attached that he proposes to file. His motion for leave and memorandum shall not exceed ten pages and no supplements will be permitted. Defendant's motion for leave must (1) address whether this Court or any other court has addressed directly or indirectly any of the arguments presented in the document that he proposes to file; (2) if this Court or another court has addressed any of the arguments, attach a copy of the order that reflects the ruling; (3) explain why the proposed document should not be construed as an unauthorized successive motion under 28 U.S.C. Section 2255 and if construed as a Section 2255 motion why he did not seek leave of the Tenth Circuit Court of Appeals to file the document; and (4) explain why the proposed document should not be**

construed as a challenge to the execution of his sentence under 28 U.S.C. Section 2241 or the conditions of his confinement under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). The government will not be required to respond to the motion for leave unless the Court so orders. In addition, absent extraordinary circumstances, the Court will summarily rule on all future motions as well as the amount of sanctions for the filing of any frivolous documents. <u>See</u> Tenth Circuit <u>Order</u> (Doc. #472) filed July 25, 2018 at 5 ("we decline to assist Akers in further wasting judicial resources with extensive discussion"). The above restrictions do not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.

On or before November 22, 2019, defendant may file written objections, not to exceed ten pages, to the <u>additional proposed filing restrictions set forth here in Section IX</u>. If defendant does not timely file an objection, the filing restrictions will go into effect on December 1, 2019.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Void The Original Habeas Proceedings In This Case Based Upon A Lack Of Subject-Matter Jurisdiction</u> (Doc. #475) filed March 18, 2019, which the Court construes as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Appointment Of The Federal Public Defender Per Standing Order 18-3</u> (Doc. #476) filed March 18, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion To Amend The Restitution Order</u> (Doc. #477) filed March 18, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Status Update Regarding Doc.</u>

#475 Filed On March 28, 2019 (Doc. #481) filed July 10, 2019 is **OVERRULED as moot**.

      **IT IS FURTHER ORDERED** that Defendant's Motion In Notifying The District Court That He Is Being Interfered With And Being Denied The Ability To Retain And Secure Licensed Counsel To Represent Him Concerning Docket [Nos.] 475, 476, 477, 478, 479 [and] 480 Before This Court (Doc. #482) filed July 15, 2019 is **OVERRULED**.

      **IT IS FURTHER ORDERED that based on defendant's filing of Defendant's Motion To Void The Original Habeas Proceedings In This Case Based Upon A Lack Of Subject-Matter Jurisdiction (Doc. #475) filed March 18, 2019, defendant's Motion For Appointment Of The Federal Public Defender Per Standing Order 18-3 (Doc. #476) filed March 18, 2019, defendant's Motion To Amend The Restitution Order (Doc. #477) filed March 18, 2019, defendant's Second Addendum To Defendant's Motion To Void The Judgment In The First Habeas Proceedings Of This Case (Doc. #478) filed March 29, 2019 and defendant's Brief In Support Of And Clarification Of Defendant's Motion To Void The Original Habeas Proceedings In This Case Based Upon A Lack Of Subject-Matter Jurisdiction (Doc. #480) filed May 20, 2019, and Defendant's Motion In Notifying The District Court That He Is Being Interfered With And Being Denied The Ability To Retain And Secure Licensed Counsel To Represent Him Concerning Docket [Nos.] 475, 476, 477, 478, 479 [and] 480 Before This Court (Doc. #482) filed July 15, 2019, which each contains frivolous factual allegations or legal theories, the Court sanctions defendant in the total amount of $76,000.00.  On or before December 1, 2019, defendant shall pay this amount to the Clerk of the Court.  If the Clerk of the Court does not receive full payment of the sanctions by December 1, 2019, the Clerk**

shall collect any outstanding amount from defendant's inmate trust account.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Leave To Proceed On Appeal Without Prepayment Of Costs Or Fees</u> (Doc. #485) filed October 21, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED that absent objection filed by November 22, 2019, the following filing restrictions will take effect on December 1, 2019:**

> **If defendant wishes to file a document, he must file a motion that seeks leave to do so with a copy of the document attached that he proposes to file. His motion for leave and memorandum shall not exceed ten pages and no supplements will be permitted. Defendant's motion for leave must (1) address whether this Court or any other court has addressed directly or indirectly any of the arguments presented in the document that he proposes to file; (2) if this Court or another court has addressed any of the arguments, attach a copy of the order that reflects the ruling; (3) explain why the proposed document should not be construed as an unauthorized successive motion under 28 U.S.C. Section 2255 and if construed as a Section 2255 motion why he did not seek leave of the Tenth Circuit Court of Appeals to file the document; and (4) explain why the proposed document should not be construed as a challenge to the execution of his sentence under 28 U.S.C. Section 2241 or the conditions of his confinement under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). The government will not be required to respond to the motion for leave unless the Court so orders. In addition, absent extraordinary circumstances, the Court will summarily rule on all future motions as well as the amount of sanctions for the filing of any frivolous documents. <u>See</u> Tenth Circuit <u>Order</u> (Doc. #472) filed July 25, 2018 at 5 ("we decline to assist Akers in further wasting judicial resources with extensive discussion"). The above restrictions do not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.**

**IT IS FURTHER ORDERED** that except as to the additional proposed filing restrictions set forth in Section IX above, this <u>Memorandum And Order</u> is final and the Court will summarily overrule objections or motions to reconsider on any of the issues addressed above.

The Clerk is directed to forward a copy of this order to the Tenth Circuit Court of Appeals and to the Office of the Federal Public Defender.

Dated this 8th day of November, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge