IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY AKERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On November 20, 2006, the Court sentenced defendant to 327 months in prison. On January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence. On March 3, 2021, the Court dismissed Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Doc. #495) filed August 28, 2020, which sought release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. See Memorandum And Order (Doc. #506). Defendant appealed. This matter is before the Court on Defendant's Motion For Release On Appeal Bond Pending The Outcome Of The Appeal On Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #510) filed March 25, 2021. For reasons stated below, the Court overrules defendant's motion.

**I.     Motion For Release On Appeal Bond**

Defendant seeks release on bond pending his appeal. To warrant release during a pending appeal, defendant must show (1) by clear and convincing evidence, he is "not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) his appeal raises a "substantial question of law or fact" likely to produce a reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal. 18

U.S.C. § 3143(b)(1)(A), (B). The Court addresses only the second requirement. A "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985). A "substantial question" refers to a "close" question or one that "very well could be decided the other way." Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendant appeals the Court's ruling that it lacked jurisdiction to consider his compassionate release motion because (1) he did not exhaust administrative remedies and (2) his medical conditions and the ongoing COVID-19 pandemic did not constitute "extraordinary and compelling" reasons that warrant his release. Memorandum And Order (Doc. #506) at 10. The Court also found that even if defendant had exhausted administrative remedies and established "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553. Id. at 10 n.2. The Court has reviewed defendant's Notice Of Appeal (Doc. #507) filed March 15, 2021 and his filings related to his compassionate release motion including Defendant's Motion For Release On Appeal Bond (Doc. #510). None of the issues that defendant apparently intends to raise on appeal raise a substantial question of law or fact likely to result in reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal. 18 U.S.C. § 3143(b)(1)(B).

Defendant first summarily argues that the Court erred in finding that he had not fully exhausted his administrative remedies. Defendant's Motion For Release On Appeal Bond (Doc. #510) at 3. Defendant provides no explanation or authorities to support his position. Therefore, he has not shown a substantial question of law or fact on appeal of this Court's ruling on exhaustion of administrative remedies.

Defendant next argues that release on his current appeal is appropriate because his atrial fibrillation condition is an extraordinary and compelling reason for release. Defendant's Motion For Release On Appeal Bond (Doc. #510) at 3. The Court recognized that defendant has asthma and atrial fibrillation, but found that his medical conditions and the risk of severe illness or death if he contracted COVID-19 were insufficient to constitute extraordinary and compelling reasons for release. See Memorandum And Order (Doc. #506) at 9. Defendant has not shown a substantial question of law or fact on appeal of this Court's ruling that he has not established extraordinary and compelling reasons for release.

Finally, defendant argues that in dismissing his motion for compassionate release, the Court did not discuss the relevant Section 3553(a) factors. See Defendant's Motion For Release On Appeal Bond (Doc. #510) at 5. Defendant ignores the fact that the Court specifically found that "[f]or substantially the reasons that the Court has stated in the voluminous record of this case, a sentence of time served (a reduction of more than six years) is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public." Memorandum And Order (Doc. #506) at 10 n.2. Based on the extensive history of this case which spans some 17 years, the Court did not need to further explain its alternative finding on the balancing of the Section 3553(a) factors. In any event, if defendant prevailed on appeal on this issue, the Tenth Circuit likely would not direct this Court to grant his release or to impose a specific sentence. It appears more likely that if defendant prevails on appeal, the Tenth Circuit would remand for this Court to (1) consider whether he has shown extraordinary and compelling reasons for release and

(2) further explain why the applicable Section 3553(a) factors do not support a reduced sentence.[1]

In sum, because defendant has not shown that his appeal raises a substantial question of law or fact likely to produce a reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal, the Court overrules defendant's motion for release.

**II.     Sanctions**

A document or argument generally is considered "frivolous" where it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (frivolous complaints include "fanciful factual allegation" or challenges to "inarguable legal conclusion").  In his motion for release on bond, defendant makes numerous statements or arguments that are frivolous.  See Defendant's Motion For Release On Appeal Bond (Doc. #510) at 5 (defendant "not legally indicted before a grand jury"); id. ("factually impossible" for him to commit wire fraud); id. (sentenced outside of statutory maximum); id. (court lacked jurisdiction to order restitution); id.

---

[1] Recently, in two published decisions, the Tenth Circuit held that the Sentencing Commission's existing policy statement, U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018) applies only to BOP motions for compassionate release.  See United States v. Maumau, No. 20-4056, 2021 WL 1217855, at *11–12 (10th Cir. Apr. 1, 2021); United States v. McGee, No. 20-5047, 2021 WL 1168980, at *11–12 (10th Cir. Mar. 29, 2021).

Here, the Court noted that the Sentencing Commission's policy statement and BOP Program Statement 5050.50 did not support a finding of extraordinary and compelling reasons. Even so, the Court ultimately found that "it may—independently of the BOP—determine whether defendant has established 'other' extraordinary and compelling reasons . . . beyond those stated in . . . the Section 1B1.13 commentary."  Memorandum And Order (Doc. #506) at 8.  Maumau and McGee do not appear to directly undermine this Court's finding that defendant had not established extraordinary and compelling reasons for release.  In any event, Maumau and McGee do not impact this Court's alternative findings that (1) defendant did not exhaust administrative remedies and (2) the relevant Section 3553(a) factors do not support release.

(plea was taken "fraudulently"); id. at 6 (judge, prosecutor and court-appointed defense counsel "conspired in 2000 to steal" checks sent to defendant and used their official positions to cover up actions); id. at 7 (defendant "actually innocent" of criminal misconduct); id. (judge and prosecutor "fabricated the criminal information" against defendant and perpetrated fraud); id. at 7–8 (prosecutor coached chief witness against defendant to provide false testimony at sentencing about his background and alleged criminal activity).

On November 8, 2019, because defendant had filed at least six documents that contained frivolous arguments, the Court sanctioned him a total of $76,000.00. See Memorandum And Order (Doc. #486) at 20. The Court cautioned defendant that he remained subject to a minimum sanction of $20,000.00 for each document filed in this criminal case that is frivolous and that the Court intended to impose progressive sanctions above this minimum amount for future violations and such sanctions would increase exponentially for each subsequent violation. See id. Prior sanctions and filing restrictions have not deterred defendant from asserting frivolous allegations. Accordingly, based on the frivolous allegations and legal theories in Defendant's Motion For Release On Appeal Bond Pending The Outcome Of The Appeal On Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #510) filed March 25, 2021, the Court sanctions defendant in the amount of $40,000.00.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Release On Appeal Bond Pending The Outcome Of The Appeal On Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #510) filed March 25, 2021 is **OVERRULED**.

**IT IS FURTHER ORDERED that based on the frivolous allegations and legal theories in Defendant's Motion For Release On Appeal Bond Pending The Outcome Of The**

**Appeal On Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #510) filed March 25, 2021, the Court sanctions defendant in the amount of $40,000.00. On or before May 15, 2021, defendant shall pay this amount to the Clerk of the Court. If the Clerk of the Court does not receive full payment of the sanctions by May 15, 2021, the Clerk shall collect any outstanding amount from defendant's inmate trust account.**

Dated this 12th day of April, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
