IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY AKERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On November 20, 2006, the Court sentenced defendant to 327 months in prison. On January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence. On March 3, 2021, the Court dismissed defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). Defendant appealed. This Court overruled Defendant's Motion For Release On Appeal Bond (Doc. #510) filed March 25, 2021. See Memorandum And Order (Doc. #511) filed April 12, 2021. In addition, based on the frivolous allegations and legal theories in Defendant's Motion For Release On Appeal Bond (Doc. #510), the Court sanctioned defendant in the amount of $40,000.00. See id. The Tenth Circuit affirmed the denial of defendant's motion for release pending appeal, but remanded for this Court to revisit the amount of sanctions. See Order And Judgment (Doc. #518) filed July 16, 2021 at 3. For reasons stated below, the Court reimposes sanctions against defendant in the amount of $40,000.00.

## Analysis

The Tenth Circuit remanded for this Court to revisit the $40,000.00 sanction. In doing so, the Tenth Circuit noted that in imposing sanctions, "the district court identified certain statements in one section of the motion as frivolous, but it did not address all of Mr. Akers's arguments or

find that the motion as a whole was frivolous."  Order And Judgment (Doc. #518) at 3.

A document or argument generally is considered "frivolous" where it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (frivolous complaints include "fanciful factual allegation" or challenges to "inarguable legal conclusion").  On reconsidering whether sanctions are appropriate and the amount of sanctions, the Court recognizes that defendant's motion for release on appeal as a whole and some arguments in the motion are not frivolous.  Even so, defendant's motion includes numerous "statements or arguments" that are frivolous.[1]  Defendant, who the Court has repeatedly warned, cannot escape sanctions for frivolous arguments and legal theories simply by combining them in the same document with non-frivolous arguments.  Prior sanctions of $76,000.00 and filing restrictions have not deterred defendant from asserting frivolous allegations.[2]  In light of the history of this case including numerous warnings from this Court and the Tenth Circuit,[3] the Court again sanctions defendant

---

[1] Memorandum And Order (Doc. #511) at 4–5 (citing Defendant's Motion For Release On Appeal Bond (Doc. #510) at 5 (defendant "not legally indicted before a grand jury"); id. ("factually impossible" for him to commit wire fraud); id. (sentenced outside of statutory maximum); id. (court lacked jurisdiction to order restitution); id. (plea was taken "fraudulently"); id. at 6 (judge, prosecutor and court-appointed defense counsel "conspired in 2000 to steal" checks sent to defendant and used their official positions to cover up actions); id. at 7 (defendant "actually innocent" of criminal misconduct); id. (judge and prosecutor "fabricated the criminal information" against defendant and perpetrated fraud); id. at 7–8 (prosecutor coached chief witness against defendant to provide false testimony at sentencing about his background and alleged criminal activity)).

[2] The Court incorporates by reference the Memorandum And Order (Doc. #486) filed November 8, 2019, which sets forth the history of this case and defendant's assertion of numerous legal arguments that were duplicative, vexatious and meritless.

[3] In 2014, the Tenth Circuit noted that this Court warned defendant that "if he filed frivolous claims in the future it would impose a monetary sanction, which it unquestionably has the power to do."  United States v. Akers, 561 F. App'x 769, 771 (10th Cir. 2014).

(continued . . .)

$40,000.00 for the "frivolous allegations and legal theories" in <u>Defendant's Motion For Release On Appeal Bond</u> (Doc. #510) filed March 25, 2021.

**IT IS THEREFORE ORDERED that based on the frivolous allegations and legal theories in <u>Defendant's Motion For Release On Appeal Bond Pending The Outcome Of The Appeal On Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)</u> (Doc. #510) filed March 25, 2021, the Court sanctions defendant in the amount of $40,000.00.   On or before December 30, 2021, defendant shall pay this amount to the Clerk of the Court.   If the Clerk of the Court does not receive full payment of the sanctions by December 30, 2021, the Clerk shall collect any outstanding amount from defendant's inmate trust account.**

Dated this 24th day of November, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

$^3$(. . . continued)
In 2018, after this Court imposed a sanction of $500 and warned of additional sanctions for future frivolous filings, the Tenth Circuit affirmed.  <u>United States v. Akers</u>, 740 F. App'x 633, 635 (10th Cir. 2018).   The Tenth Circuit noted that the sanctions imposed by this Court were appropriate and cautioned defendant that "future frivolous appeals may result in an order requiring him to show cause to avoid appellate filing restrictions or sanctions." <u>Id.</u>   The Tenth Circuit noted that it "decline[d] to assist Akers in further wasting judicial resources with extensive discussion." <u>Id.</u>

On November 8, 2019, because defendant had filed at least six documents that contained frivolous arguments, this Court sanctioned him a total of $76,000.00.   See <u>Memorandum And Order</u> (Doc. #486) at 20.   The Court cautioned defendant that he remained subject to a minimum sanction of $20,000.00 for each document filed in this criminal case that is frivolous and that the Court intended to impose progressive sanctions above this minimum amount for future violations and such sanctions would increase exponentially for each subsequent violation.   See <u>id.</u>   The Tenth Circuit affirmed.   <u>United States v. Akers</u>, 807 F. App'x 861 (2020).   It held that this Court did not err in holding that defendant's motion for access to private counsel and "*allegations of court collusion in his motion* regarding appointment of the FPD were frivolous and warranted the imposition of sanctions."   <u>Id.</u> at 867 (emphasis added).