IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | |
| **Plaintiff,**         ) | |
| v.                                                      ) | CRIMINAL ACTION |
| ) | |
| MONTGOMERY CARL AKERS,         ) | No. 04-20089-01-KHV |
| ) | |
| **Defendant.**         ) | |
| ) | |

**MEMORANDUM AND ORDER**

On November 20, 2006, the Court sentenced defendant to 327 months in prison.  This matter is before the Court on Defendant's Motion For Return Of Property Under Federal Rules Of Criminal Procedure 41(g) (Doc. #524) and Defendant's Motion For Order To Direct United States Probation Office For The District Of Kansas To Answer Defendant's Inquiries On Relocation Of Supervision And Attendant Criteria (Doc. #525), both filed January 24, 2022.   For reasons stated below, the Court overrules defendant's motions.

**I.        Motion For Return Of Property**

Defendant asserts that he recently discovered that in June of 2020, a prison employee at USP-Leavenworth seized two checks that an individual mailed to defendant.  Defendant seeks relief under Rule 41(g) of the Federal Rules of Criminal Procedure.  Initially, the alleged seizure apparently was not in connection with defendant's criminal case because it occurred well after it concluded.  Accordingly, Rule 41(g) does not appear to be a valid basis for relief.  In addition, Rule 41(g) is an equitable remedy.  As such, to prevail, defendant must establish "irreparable harm and an inadequate remedy at law."  United States v. Shigemura, 664 F.3d 310, 312 (10th Cir. 2011) (quotations and citation omitted).  Defendant has not shown either prerequisite for relief.  For these reasons, the Court overrules defendant's motion without prejudice to refiling as

a separate civil action.[1]

## II.     Motion To Direct Probation Office To Answer Inquiries

Defendant asks the Court to direct the Probation Office in the District of Kansas to answer his inquiries about transferring his upcoming supervision to the District of Nevada.  Typically, about 12 months before a defendant is released, a BOP case manager will begin working with the Probation Office in the district where defendant seeks to be supervised to prepare a pre-release plan including any transfer of supervision.   Because defendant is not eligible for release for some 71 months, the Court overrules his motion to direct the Probation Office to answer his inquiry.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion For Return Of Property Under Federal Rules Of Criminal Procedure 41(g) (Doc. #524) filed January 24, 2022 is **OVERRULED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion For Order To Direct United States Probation Office For The District Of Kansas To Answer Defendant's Inquiries On Relocation Of Supervision And Attendant Criteria (Doc. #525) filed January 24, 2022 is **OVERRULED**.

---

[1] To the extent that defendant seeks return of the property and/or damages, under Rule 41(g) or otherwise, he must file a separate civil action with the accompanying filing fee and/or a request to proceed without prepayment of fees.   See United States v. Flournoy, 714 F. App'x 592, 595 (7th Cir. 2018) (Rule 41(g) motion is civil action subject to Prison Litigation Reform Act and court must collect fees that are due).

[2] Currently, the BOP estimates that defendant will be eligible for release on December 21, 2027.   Defendant states that based on anticipated Congressional action, the BOP will release him in early 2022.   See Defendant's Motion For Order (Doc. #525) at 2.    If and when Congress takes such action, defendant can work with his assigned case manager and the Probation Office in the district where he seeks to be supervised.

Dated this 31st day of January, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
