IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CRIMINAL ACTION |
| ) | |
| MONTGOMERY CARL AKERS, ) | No. 04-20089-01-KHV |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On November 20, 2006, the Court sentenced defendant to 327 months in prison. This matter is before the Court on Defendant's Motion For Clarification Of Sentence To Be Served As Ordered By The Court In [] Case No. 04-20089-KHV-1 (Doc. #537) filed April 11, 2022. For reasons stated below, the Court dismisses defendant's motion.

Defendant brings his motion as part of this closed criminal action. As the movant, defendant bears the burden to establish that the Court has jurisdiction to hear the motion. United States v. Moreno, No. 21-6096, 2022 WL 782660, at *1 (10th Cir. Mar. 15, 2022); see United States v. Garcia-Herrera, 894 F.3d 1219, 1220–21 (10th Cir. 2018). Defendant argues that the Bureau of Prisons ("BOP") is improperly holding him in the Communication Management Unit of the United States Penitentiary in Marion, Illinois and that prison personnel disciplined him and took away good-time credit in violation of BOP policy. Such a claim does not attack the validity of defendant's conviction or sentence. Instead, defendant attacks the conditions of his confinement and the execution of his sentence. Such claims potentially fall under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) and 28 U.S.C. § 2241. See Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011) (prisoners who challenge only conditions of confinement— not its fact or duration—must do so through civil rights lawsuits under 42 U.S.C. § 1983 or

Bivens); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (Section 2241 petition attacks execution of sentence by challenging matters that occur at prison, such as deprivation of good-time credits, that affect duration of inmate's custody); see also Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005) (challenge to execution of sentence should be brought under Section 2241).  Defendant has not established that the Court has jurisdiction to consider his claim as part of this closed criminal case.  See Garcia-Herrera, 894 F.3d at 1220 (civil federal-question jurisdiction statute does not give district court jurisdiction over motion to compel filed in closed criminal case); Moreno, 2022 WL 782660, at *1 (court cannot assert civil jurisdiction over motion filed in closed criminal case).  The Court therefore dismisses defendant's motion.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion For Clarification Of Sentence To Be Served As Ordered By The Court In [] Case No. 04-20089-KHV-1 (Doc. #537) filed April 11, 2022 is **DISMISSED**.

Dated this 21st day of April, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Even if defendant had filed a separate civil action, he has not shown that the District of Kansas is the appropriate venue.  Defendant is confined in Marion, Illinois.  A Bivens action ordinarily must be filed in a district where one or more of the defendants is located or where the alleged events occurred.  See 28 U.S.C. § 1391(b)(1)–(3) (civil action may be brought in judicial district: (1) where any defendant resides, if all defendants are residents of state in which court is located; (2) where substantial part of relevant events or omissions occurred; or (3) if neither of those two provisions applies, where any defendant is subject to court's personal jurisdiction).  A petition brought under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined."  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).