IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 04-20089-01-KHV |
| MONTGOMERY AKERS, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On November 20, 2006, the Court sentenced defendant to 327 months in prison. On January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence. On March 3, 2021, the Court dismissed Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Doc. #495) filed August 28, 2020, which sought release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. This matter is before the Court on Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582 (Doc. #530) filed March 3, 2022, which seeks release based on the COVID-19 pandemic and defendant's assertion that he is serving an illegal sentence. For reasons stated below, the Court overrules defendant's motion.[1]

**Factual Background**

Defendant currently is confined at USP Marion, a Bureau of Prisons ("BOP") facility in

---

[1] In ruling on defendant's motion, the Court has considered the initial motion and the Government's Response To Defendant's Motion For Compassionate Release (Doc. #533) filed March 16, 2022. Although defendant did not seek or receive leave to file multiple reply briefs, the Court has considered all of defendant's documents filed in reply to the government's response including Defendant's Addendum To Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #535) filed March 31, 2022; defendant's Motion For Leave To File Exhibits To Defendant's Reply Brief Out Of Time (Doc. #541) filed April 25, 2022; Defendant's Reply To The Response Of The Government to Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #545) filed May 10, 2022; and Defendant's Memorandum Stipulating That The Administrative Remedies Have Been Exhausted As To The Amended Application For Compassionate Release (Doc. #546) filed May 31, 2022.

Marion, Illinois. As of June 28, 2022, 743 inmates and 73 staff members had tested positive for COVID-19. See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited June 29, 2022). Some 741 inmates and 71 staff members have recovered. See id. Two inmates have died from COVID-19. See id.

Defendant is 63 years old. Defendant states that because of asthma, atrial fibrillation and a prior shingles infection, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it. See Defendants' Addendum To Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #535) filed March 31, 2022 at 2–3. With good time credit, defendant's projected release date is January 31, 2028. Defendant asks the Court to grant compassionate release because of his health conditions, COVID-19 and what he claims is an illegal sentence.[2]

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing

---

[2] In defendant's motion, he seeks release only based on the legality of his sentence. See Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582 (Doc. #530). After the government filed a brief in opposition, defendant filed an addendum which asked for release based on the COVID-19 pandemic. See Defendant's Addendum To Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #535). Although defendant did not assert his health conditions and the COVID-19 pandemic as a basis for relief in his original motion, the Court nevertheless addresses these arguments below.

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021). The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants. Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050. Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply. See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021). Accordingly, the Court evaluates only the first and third requirements.

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release. See McGee, 992 F.3d at 1044, 1048. In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich.

---

[3] The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). For purposes of defendant's motion, the Court assumes that he has satisfied the exhaustion prerequisite.

July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)).  While the Sentencing Commission definition of extraordinary and compelling reasons for BOP motions is not controlling, the Court considers that definition in ruling on defense motions.  See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes); see also United States v. Hald, 8 F.4th 932, 938 (10th Cir. 2021) (while policy statement does not restrict district court discretion, "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"), cert. denied, No. 21-6594, 2022 WL 1611819 (2022).  For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories.   U.S.S.G.  § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Here, defendant asserts that his illegal sentence constitutes an extraordinary and compelling reason for release.  Specifically, he asserts that (1) he could not have pled guilty to a scheme to defraud in Kansas because he did not make a phone call in Kansas in furtherance of a wire fraud scheme and Fidelity Investments—the institution identified in the indictment—is not a "financial institution."  Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582 (Doc. #530) at 2–3.  Defendant also asserts that the Court sentenced him in excess of the statutory

maximum of five years.  Id. at 3.  A claim challenging the validity of a conviction or sentence ordinarily should be raised in a motion to vacate under Section 2255, not as part of a motion for compassionate release.  United States v. Mata-Soto, 861 F. App'x 251, 255 (10th Cir. 2021) (district court correctly recognized that proper vehicle to raise challenge to indictment and sentence was motion under 28 U.S.C. § 2255, not motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)).  In any event, as the Court has repeatedly explained, the plea agreement and plea colloquy establish each of the elements of the crime of wire fraud, which carries a statutory maximum of 30 years in prison.[4]  For substantially the reasons stated elsewhere in the record, defendant's claim that he is serving an illegal sentence lacks substantive merit.  Likewise, defendant's claim does not constitute an extraordinary and compelling reason for his release.

In defendant's addendum, he also seeks release because of his health conditions (asthma, atrial fibrillation and a shingles infection in 2019), and the risk of severe illness or death if he contracts COVID-19.  See Defendants' Addendum To Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #535) at 2–3.  While defendant certainly faces some risk of contracting

---

[4]     18 U.S.C. § 1343; see Memorandum And Order (Doc. #321) filed September 1, 2009 at 3–5 (overruling claim of ineffective assistance of counsel based on allegations that counsel coaxed defendant into pleading guilty to crime that was legally impossible for him to have committed); see also Memorandum And Order (Doc. #520) filed November 24, 2021 at 2 n.1 (finding frivolous arguments that defendant was not legally indicted, "factually impossible" for him to commit wire fraud, sentenced beyond statutory maximum and "actually innocent"); Memorandum And Order (Doc. #486) filed November 8, 2019 at 6–8 (refusing to consider on merits unauthorized successive attack arguing in part that Fidelity Investments was not federally insured financial institution and factually impossible to commit charged crime); Memorandum And Order (Doc. #466) filed June 15, 2017 at 4 (finding frivolous claim that grand jury did not return constitutional and lawful indictment); Memorandum And Order (Doc. #449) filed May 26, 2016 at 2 (rejecting allegations that indictment does not set forth federal offense and alleged victim not federally insured financial institution).

COVID-19 and serious illness or death if he contracts it, home detention or outright release does not eliminate those risks. Defendant has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 or one of its variants at USP Marion. See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors). Moreover, defendant concedes that he is fully vaccinated against COVID-19. Defendants' Addendum To Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #535) at 3. The prevailing scientific view seems to be that vaccinated individuals, even with medical comorbidities, do not have a significant risk of severe disease or death if they contract COVID-19. Based on defendant's vaccination status and the conditions at USP Marion, he has not shown that his health conditions, either individually or collectively, constitute extraordinary and compelling reasons for release. See United States v. McRae, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (when defendant has access to vaccine, incarceration during COVID-19 pandemic does not present extraordinary and compelling reason warranting sentence reduction) (further citations omitted). COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters. Even so, the risk that COVID-19 may spread further at USP Marion cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant also asserts that USP-Marion officials are intentionally exposing inmates to COVID-19 for "retaliatory purposes" and to "punish, control, or manipulate" inmates.

Defendants' Addendum To Motion For Sentence Reduction Under 18 U.S.C. § 3582(c) (Doc. #535) at 2.   Claims which assert potential constitutional violations should be brought—if at all—in a separate civil action, not as part of a motion for compassionate release.   United States v. Lougee, No. 14-20068-05-DDC, 2022 WL 2064893, at *2 (D. Kan. June 8, 2022); see also United States v. Quijada-Castillo, No. 3:19-CR-20-CRS, 2021 WL 1930710, at *4 (W.D. Ky. May 13, 2021) (redress for perceived cruel and unusual punishment not properly sought in compassionate release motion because First Step Act does not contemplate reduction in sentence or release to compensate for past government misconduct).   A separate civil action can more readily assess the validity of such claims and provide any necessary relief.   In any event, defendant's allegations appear to be meritless.   Currently, USP-Marion has no inmates who have tested positive but not yet recovered.   On this record, defendant has not shown that prison personnel's handling of COVID-19 constitutes an extraordinary and compelling reason for release.

In sum, defendant has not established extraordinary and compelling reasons for his release. Even if defendant's health conditions, COVID-19 and legal arguments challenging his sentence could somehow constitute "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553.   For substantially the reasons stated in the voluminous record, a sentence of time served or below 327 months is inconsistent with the seriousness of defendant's offense, the need for deterrence, the need to protect the public and defendant's complete lack of insight or remorse with regard to his criminal conviction.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582 (Doc. #530) filed March 3, 2022 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Motion For Leave To File Exhibits To Defendants'

Reply Brief Out Of Time (Doc. #541) is **OVERRULED as moot**.

Dated this 5th day of July, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge