## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | |
| MONTGOMERY CARL AKERS, | ) | No. 04-20089-01-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On November 20, 2006, the Court sentenced defendant to 327 months in prison.   On

September 1, 2009, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C.

§ 2255.   See United States v. Akers, 2009 WL 2777243, appeal dismissed, 384 F. App'x 758, 759

(10th Cir. 2010).   Based on defendant's assertion of numerous legal arguments that were

duplicative, vexatious and meritless, the Court imposed filing restrictions which require defendant

to seek leave to file a pro se motion.[1]   This matter is before the Court on Defendant's [Pro Se]

---

[1]        On November 8, 2019, the Court imposed filing restrictions on defendant as
follows:

If defendant wishes to file a document, he must file a motion that seeks
leave to do so with a copy of the document attached that he proposes to file.   His
motion for leave and memorandum shall not exceed ten pages and no supplements
will be permitted.   Defendant's motion for leave must (1) address whether this
Court or any other court has addressed directly or indirectly any of the arguments
presented in the document that he proposes to file; (2) if this Court or another court
has addressed any of the arguments, attach a copy of the order that reflects the
ruling; (3) explain why the proposed document should not be construed as an
unauthorized successive motion under 28 U.S.C. Section 2255 and if construed as
a Section 2255 motion why he did not seek leave of the Tenth Circuit Court of
Appeals to file the document; and (4) explain why the proposed document should
not be construed as a challenge to the execution of his sentence under 28 U.S.C.
Section 2241 or the conditions of his confinement under Bivens v. Six Unknown
Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619

(continued)

Combined Motion For Leave To File His Motion Pursuant To Federal Rules Of Civil Procedure 60(d)(3) And Motion Pursuant To Federal Rules Of Civil Procedure 60(d)(3) (Doc. #557) filed January 6, 2023, which the Court construes as a motion for leave to file Defendant's Motion Pursuant To Federal Rules Of Civil Procedure 60(d)(3) For Relief Concerning Fraud Upon The Court In His First S[ection] 2255 Hearing Handed Down On September 1, 2009 (Doc. 321) ("Defendant's Rule 60(d)(3) Motion") (Doc. #557-1) filed January 6, 2023.   For reasons stated below, the Court denies defendant leave to file his proposed Rule 60(d)(3) motion.

Preliminarily, defendant asks the undersigned judge to recuse because his motion alleges that she committed the purported fraud.   Defendant's Rule 60(d)(3) Motion (Doc. #557-1) at 2. As with defendant's other unsubstantiated allegations of bias and conspiracy, his present allegations are untrue, irrational and insufficient to warrant recusal.

In his proposed motion, defendant alleges that in ruling on his first Section 2255 motion, the undersigned judge "perpetrated fraud upon her own Court."   Defendant's Rule 60(d)(3) Motion (Doc. #557-1) at 1–2.   Specifically, defendant alleges that even though the undersigned

---

[1](. . . continued)

(1971).  The government will not be required to respond to the motion for leave unless the Court so orders.  In addition, absent extraordinary circumstances, the Court will summarily rule on all future motions as well as the amount of sanctions for the filing of any frivolous documents.  See Tenth Circuit Order (Doc. #472) filed July 25, 2018 at 5 ("we decline to assist Akers in further wasting judicial resources with extensive discussion").  The above restrictions do not apply to documents filed on defendant's behalf by a licensed attorney who is admitted to practice in the District of Kansas.

United States v. Akers, 2019 WL 5864789, at *12, aff'd in part, appeal dismissed in part, 807 F. App'x 861 (10th Cir. 2020).

judge knew that it was "factually impossible" for him to commit wire fraud, she falsely stated that he had "pleaded guilty to wire fraud" including admitting that he made a phone call in interstate commerce.  Id. at 1–3.   Defendant also alleges that the Tenth Circuit has relied upon the alleged fraud.  Id. at 3.

The relief sought—not a motion's title—determines whether a movant has filed a "true" motion under Rule 60(b) or 60(d), Fed. R. Civ. P., or an unauthorized second or successive petition under Section 2255.  United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006).   A true Rule 60(b) or Rule 60(d) motion (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.  Spitznas v. Boone, 464 F.3d 1213, 1224–25 (10th Cir. 2006).   An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  Id. at 1225.   When determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive petition, a Rule 60(b) motion or a "mixed" motion.   Id. at 1224.

A motion alleging fraud on the court that "relates solely to fraud perpetrated on the federal habeas court" will be considered a true Rule 60 motion.  United States v. Akers, 740 F. App'x 633, 634 (10th Cir. 2018) (citation omitted).   But if the fraud "includes (or necessarily implies) related fraud on . . . the federal district court that convicted and/or sentenced the movant . . ., then the motion will ordinarily be considered a second or successive petition because any ruling would

inextricably challenge the underlying conviction proceeding."   Id. (citation omitted).

Despite defendant's rhetoric alleging that the Court committed "fraud" because it "blatant[ly]" included "false and fabricated information" in its order, Defendant's Rule 60(d)(3) Motion (Doc. #557-1) at 1, his allegations all relate to the accuracy of the Court's legal ruling on his first Section 2255 motion, i.e. whether he had pleaded guilty to facts which satisfied all of the elements of wire fraud.   Defendant attacks a purported defect in the integrity of the federal habeas proceedings, but such a challenge leads inextricably to a merits-based attack on the disposition of his prior habeas petition.   Therefore, in effect, defendant's proposed Rule 60(d)(3) motion is a second or successive motion under Section 2255.   Spitznas, 464 F.3d at 1225.   Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims in the proposed motion do not satisfy the authorization standards under Section 2255, the Court would ordinarily dismiss the unauthorized motion rather than transfer it to the Tenth Circuit.   See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008) (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Even if part or all of defendant's proposed Rule 60(d)(3) motion could be construed as a "true" Rule 60 motion, the Court would overrule it as frivolous.   On June 15, 2017, the Court rejected defendant's claim of fraud on the court under Rules 60(b)(3) and 60(d)(3) based on allegations that (1) the undersigned judge conspired with the prosecutor and (2) the undersigned judge's rulings on his Section 2255 motion were tainted with "bias and prejudice."   United States v. Akers, 2017 WL 2591517, at *1, aff'd and remanded to dismiss motion for lack of jurisdiction,

-4-

740 F. App'x 633 (10th Cir. 2018), cert denied, 139 S. Ct. 1573 (2019).   Now, defendant asserts that the undersigned judge fraudulently overruled his Section 2255 motion by including blatantly "false information" in the order.   Defendant's Rule 60(d)(3) Motion (Doc. #557-1) at 1.   The basis for both claims is defendant's frivolous allegation that it was factually impossible for him to commit the crime of wire fraud.[2]

Because defendant's proposed Rule 60(d)(3) motion is in fact an unauthorized second or successive motion under 28 U.S.C. § 2255, or alternatively, the motion lacks potential merit as a "true" Rule 60 motion, the Court denies defendant leave to file his proposed motion.

**IT IS THEREFORE ORDERED** that Defendant's Combined Motion For Leave To File His Motion Pursuant To Federal Rules Of Civil Procedure 60(d)(3) And Motion Pursuant To Federal Rules Of Civil Procedure 60(d)(3) (Doc. #557) filed January 6, 2023, which the Court construes as a motion for leave to file Defendant's Motion Pursuant To Federal Rules Of Civil Procedure 60(d)(3) For Relief Concerning Fraud Upon The Court In His First S[ection] 2255

---

[2]       The Court has repeatedly rejected defendant's claim that he did not commit the crime of wire fraud.   See, e.g., United States v. Akers, 2022 WL 2438388, at *3 (July 5, 2022) ("as the Court has repeatedly explained, the plea agreement and plea colloquy establish each of the elements of the crime of wire fraud"), aff'd, 2022 WL 17588345 (10th Cir. Dec. 13, 2022); United States v. Akers, 2021 WL 5505456, at *1 n.1 (D. Kan. Nov. 24, 2021) (finding frivolous arguments that (1) defendant was not legally indicted, (2) "factually impossible" for him to commit wire fraud, (3) sentenced beyond statutory maximum, (4) plea was taken "fraudulently," (5) defendant "actually innocent" of criminal misconduct; and (5) judge and prosecutor "fabricated the criminal information" against defendant and perpetrated fraud); Akers, 2009 WL 2777243, at *2 (plea agreement and plea colloquy establish each element of wire fraud; rejecting claims that (1) counsel provided ineffective assistance in advising him to plead guilty to crime that was legally impossible for him to have committed and (2) counsel committed fraud on court based on allegation that counsel assisted prosecution in fraudulently altering final plea agreement).

Hearing Handed Down On September 1, 2009 (Doc. 321) (Doc. #557-1) filed January 6, 2023, is

**DENIED**.

Dated this 12th day of January, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
