**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                                   ) | |
|                         **Plaintiff**,                 ) | |
|                                                                   ) | CRIMINAL ACTION |
| v.                                                              ) | |
|                                                                   ) | No. 04-20089-01-KHV |
| MONTGOMERY CARL AKERS,    ) | |
|                                                                   ) | |
|                         **Defendant**.              ) | |
|                                                                   ) | |

**MEMORANDUM AND ORDER**

On November 20, 2006, the Court sentenced defendant to 327 months in prison. This matter is before the Court on defendant's pro se [Motion For Relief Under] United States Sentencing Commission Amendment 821 (Doc. #577) filed January 23, 2024. For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in

Section 3553(a).  United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).  Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines reduces the criminal history points for certain defendants who commit an offense while under a criminal justice sentence.  The Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated.  U.S.S.G. § 1B1.10(d).  Amendment 821 reduces defendant's criminal history points from 30 to 29.  Compare U.S.S.G. § 4A1.1(e) (Nov. 1, 2023 ed.) (add one criminal history point if defendant committed offense while under criminal justice sentence) with Presentence Investigation Report dated July 13, 2006, ¶ 89 (adding two criminal history points because defendant committed offense while under criminal justice sentence).  Even so, because defendant has 13 or more criminal history points under the amended Guidelines, his criminal history category VI and the corresponding guideline range remain the same.  See U.S.S.G., Chp. 5, Part A, Sentencing Table.  Accordingly, the Court dismisses defendant's motion to reduce sentence.

**IT IS THEREFORE ORDERED** that defendant's pro se [Motion For Relief Under] United States Sentencing Commission Amendment 821 (Doc. #577) filed January 23, 2024 is **DISMISSED**.

Dated this 6th day of March, 2024 at Kansas City, Kansas.

                                           s/ Kathryn H. Vratil
                                           KATHRYN H. VRATIL
                                           United States District Judge