IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| Plaintiff,    ) | |
| ) | CRIMINAL ACTION |
| v.    ) | |
| ) | No. 04-20089-01-KHV |
| MONTGOMERY AKERS,    ) | |
| Defendant.    ) | |
| ) | |

**MEMORANDUM AND ORDER**

On November 20, 2006, the Court sentenced defendant to 327 months in prison. On January 16, 2008, the Tenth Circuit Court of Appeals affirmed defendant's sentence. On March 3, 2021, the Court dismissed Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Doc. #495) filed August 28, 2020, which sought release based on his medical conditions and the COVID-19 pandemic. This matter is before the Court on Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #567) filed September 11, 2023, which seeks release based on the conditions of his confinement and his medical conditions. For reasons stated below, the Court overrules defendant's motion.[1]

---

[1] When defendant filed his motion for compassionate release, he was confined at USP Marion, a Bureau of Prisons ("BOP") facility in Marion, Illinois. On November 13, 2023, defendant filed a Motion For Order Compelling Mail Deliver[y] To Defendant From This Court (Doc. #572), which seeks to compel staff at USP Marion to send and deliver mail to and from this Court related to his motion for compassionate release. Because defendant is no longer at USP Marion and he has filed supplements to his motion, the Court overrules as moot defendant's motion to compel mail delivery.

On December 4, 2023, defendant filed an Addendum [sic] To Motion For Status Conference And Combined Order For Production Of Documents As Well As Adequate Time To Respond To The Response In Opposition By The Government (Doc. #573). Because defendant has not established any need for a status conference or for the government to produce additional documents, the Court overrules his request. Because the Court previously granted leave to file his reply brief out of time, the Court overrules his motion for additional time as moot.

**Factual Background**

Defendant currently is confined at a BOP residential reentry facility in Kansas. Defendant is 65 years old. With good time credit, defendant's projected release date is March 6, 2027. Defendant asks the Court to grant compassionate release because of his medical conditions.[2]

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing

---

[2] Defendant also seeks release based on the conditions of confinement at USP Marion. Because the BOP transferred defendant from USP Marion to a residential reentry center, the Court overrules defendant's motion as moot to the extent he seeks release based on conditions of confinement. In addition, to the extent that defendant attempts to assert potential constitutional violations for prior conditions of confinement, such a claim should be brought—if at all—in a separate civil action, not as part of a motion for compassionate release. United States v. Lougee, No. 14-20068-05-DDC, 2022 WL 2064893, at *2 (D. Kan. June 8, 2022); see also United States v. Quijada-Castillo, No. 3:19-CR-20-CRS, 2021 WL 1930710, at *4 (W.D. Ky. May 13, 2021) (redress for cruel and unusual punishment not properly sought in compassionate release motion because First Step Act does not contemplate reduction in sentence or release to compensate for past government misconduct). A separate civil action can more readily assess the validity of such claims and provide any necessary relief.

Defendant also asks that the Court direct the BOP to place him in a reentry facility or home confinement in Las Vegas, Nevada. Defendant's Update With Information For The Court Concerning His Motion For Compassionate Release (Doc. #580) filed March 15, 2024, at 1–4. Because the Court lacks authority to direct that the BOP transfer defendant to a specific facility or to home confinement, the Court overrules his request. To the extent that defendant seeks a transfer of his supervised release, any such request is premature because his expected release date is more than two years away, on March 6, 2027. In addition, defendant should submit any future request to his probation officer who can evaluate at that time whether such a transfer is appropriate.

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021). On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants. U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if defendant establishes any one or combination of the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when

---

[3] The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). For purposes of defendant's motion, the government concedes that he has satisfied the exhaustion prerequisite.

considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.  U.S.S.G. § 1B1.13(b)(1)–(6).

Here, defendant asserts that his medical conditions (atrial fibrillation and multiple shingles infections) constitute an extraordinary and compelling reason for release.  Under the policy statement, the medical circumstances of a defendant alone can provide extraordinary and compelling reasons for a reduced sentence in the following circumstances:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory).   A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
> > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal,

>  state, or local authority;
>
>  (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
>  (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).  Because defendant is at least 65 years old and has served at least ten years of his sentence, he also can establish extraordinary and compelling reasons for a reduced sentence if he has experienced "a serious deterioration in physical or mental health because of the aging process."  U.S.S.G. § 1B1.13(b)(2).

Defendant's medical records show that he has a history of atrial fibrillation and a shingles infection with possible recurrences.  On the present record, however, he has not shown that such medical conditions constitute extraordinary and compelling reasons for relief within the meaning of the policy statement for medical circumstances, U.S.S.G. § 1B1.13(b)(1).  Likewise, he has not shown that he has experienced a "serious deterioration in health" within the meaning of the policy statement, U.S.S.G. § 1B1.13(b)(2), or that his health conditions warrant relief under the catchall provision of the policy statement, U.S.S.G. § 1B1.13(b)(5).  Defendant has not established extraordinary and compelling reasons for a reduced sentence.[4]

Even if defendant's health conditions and prior conditions of confinement could somehow constitute "extraordinary and compelling" reasons for a reduced sentence, the Court would deny

---

[4] Defendant again argues that it was impossible for him to commit the crimes alleged in the indictment.  For substantially the reasons stated elsewhere in the record, defendant's claim lacks substantive merit.  Likewise, his claim does not constitute an extraordinary and compelling reason for his release.

relief after considering the factors under 18 U.S.C. § 3553.  For substantially the reasons stated in the voluminous record, a sentence of time served or below 327 months is inconsistent with the seriousness of defendant's offense, the need for deterrence, the need to protect the public and defendant's complete lack of insight or remorse with regard to his criminal conviction.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #567) filed September 11, 2023 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Order Compelling Mail Deliver[y] To Defendant From This Court (Doc. #572) filed November 13, 2023 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that defendant's Addendum [sic] To Motion For Status Conference And Combined Order For Production Of Documents As Well As Adequate Time To Respond To The Response In Opposition By The Government (Doc. #573) filed December 4, 2023 is **OVERRULED as moot**.

Dated this 25th day of November, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge